DREW v CASS COUNTY

Docket No. 309557. Submitted February 7, 2013, at Lansing. Decided
February 14, 2013, at 9:10 a.m.

Petitioners, Kevin and Arlyn Drew, appealed in the Michigan Tax
Tribunal, Small Claims Division, after respondent, Cass County,
issued a notice of the denial of a principal-residence exemption
from local school district taxes under MCL 211.7cc for tax years
2007 through 2011 with regard to a parcel of residential property
in the county owned by petitioners and claimed to be their
principal residence. Following a hearing, the hearing referee
concluded that petitioners had failed to prove that the property
qualified for the exemption. The Tax Tribunal then entered a final
opinion and judgment, in which it adopted the hearing referee's
proposed opinion and judgment as its final opinion and judgment
in the case. Petitioners appealed.

The Court of Appeals *held*:

The Court of Appeals defers to the Tax Tribunal to assess the
weight and credibility of the evidence before it. The evidence
supported respondent's contention that petitioners used the prop-
erty as a seasonal home and not as a principal residence (their one
true, fixed, and permanent home to which, whenever absent, they
intended to return) as defined in MCL 211.7dd(c). Appellate
review of a decision by the Tax Tribunal is very limited in the
absence of fraud, error of law, or the adoption of wrong legal
principles and statutes that exempt persons or property from
taxation must be narrowly construed in favor of the taxing
authority. The Tax Tribunal did not commit an error of law or
adopt a wrong legal principle in this case.

Affirmed.

1. APPEAL — ADMINISTRATIVE LAW — TAX TRIBUNAL.

No appeal may be taken to any court from any final agency provided
for the administration of property tax laws with regard to any
decision relating to valuation or allocation in the absence of fraud,
error of law, or the adoption of wrong legal principles; factual
findings by the Tax Tribunal will not be disturbed on appeal as

long as they are supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28).

2. TAXATION — EXEMPTIONS — STATUTORY CONSTRUCTION.

Statutes exempting persons or property from taxation must be narrowly construed in favor of the taxing authority.

3. TAXATION — PRINCIPAL-RESIDENCE EXEMPTION — WORDS AND PHRASES — PRINCIPAL RESIDENCE.

A "principal residence" for purposes of the principal-residence exemption from local school district taxes provided in MCL 211.7cc is the one place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established (MCL 211.7dd[c]).

4. ADMINISTRATIVE LAW — EVIDENCE — TAX TRIBUNAL.

The weight and credibility to be accorded to evidence presented in the Tax Tribunal is within the Tax Tribunal's discretion; the Court of Appeals defers to the Tax Tribunal to assess the weight and the credibility of the evidence before it.

*Taglia, Dumke, White & Schmidt, P.C.* (by *Jeffrey R. Holmstrom*), for petitioners.

Before: K. F. KELLY, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM. Petitioners appeal as of right an order of the Michigan Tax Tribunal (MTT), which affirmed respondent's denial of a principal-residence exemption (PRE) on the subject property during the tax years 2007, 2008, 2009, 2010, and 2011. We affirm because there was substantial evidence to support the MTT's decision and the MTT did not misapply the law or adopt an incorrect principle in arriving at its decision.

I. BASIC FACTS

The subject property (31845 W. Lakeshore Dr.) is a residential property located on an island in a lake in

Dowagiac, Michigan. Petitioners sought a PRE from respondent for the years in question. Respondent denied the PRE on the basis that the property was not petitioners' "principal residence." Petitioners appealed in the Small Claims Division of the MTT and submitted as documentary evidence their driver's licenses, voter registration cards, and tax returns, which all listed 31845 W. Lakeshore Dr. as petitioners' residence. Petitioners claimed to live at 31845 W. Lakeshore Dr. with their six children from April 1 through October 31 each year.

Respondent submitted utility bills for the property, which indicated very little usage. Respondent also presented testimony from an area resident who stated that no one lived on the island. Respondent argued that 31845 W. Lakeshore Dr. was a seasonal home and not petitioners' principal residence. In addition to 31845 W. Lakeshore Dr., petitioners also own residential property located at 8875 Grove Avenue, Berrien Springs, Michigan, and 552 Grant Street, Niles, Michigan. Petitioners' children attend a private school in Berrien Springs that is located less than one minute from petitioners' 8875 Grove Avenue home.

The hearing referee concluded that petitioners failed to prove that the property qualified to receive a PRE under MCL 211.7cc for the tax years at issue. The referee concluded:

> 3. In order for the Petitioner[s] to sustain their burden of proof they must show that this is their true, fixed, and permanent home. Clearly anyone who occupies a home will have utilities which for a family of eight would exceed the amounts shown herein by the parties. The Petitioner's [sic] utility bills which they submitted had the amounts blacked out, Respondents [sic] copies of utility bills showed little or no usage during the time that Petitioners testified this home was being used as their principal residence. Petition-

ers testified that they own two other residential pieces of real estate, along with other parcels of commercial real estate.

4. Petitioners have provided us with substantial exhibits attempting to sustain their burden of proof that this is their principal residence, however to be a principal residence you must occupy the home as your true, fixed, and permanent home. To accomplish that task there would be substantial use of utilities, however that was not the case here.

The MTT entered a final opinion and judgment, in which it adopted the referee's proposed opinion and judgment as its final opinion and judgment, noting:

b. Petitioner has the burden of proving by a preponderance of the evidence and the burden of persuading the Tribunal that he or she owned and occupied as a principle [sic] residence for the tax years at issue. See MCL 211.7cc. Here, Petitioners did prove they owned the residence in question and stated they intend to return to the residence in question each year, April through October. However, Petitioners failed to prove they established occupancy to qualify for the exemption. Petitioners submitted into evidence their driver's licenses, tax statements and other documents stating their address, all of which are evidence of occupancy that met their burden of going forward. As a result, Respondent submitted utility bills which demonstrated little to no usage of the property throughout the years in question. Although Petitioners contend that the utility bills submitted by Respondent were natural gas bills and electric bills for parcels of property owned by Petitioners other than the residence in question, Petitioners did not submit evidence to contradict or correct Respondent's utility bills submission.

Petitioners now appeal as of right.

## II. STANDARD OF REVIEW

Review of a decision by the MTT is very limited. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). "In the absence of fraud, error of law

or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." Const 1963, art 6, § 28. "The tribunal's factual findings will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record." *Mich Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 490-491; 618 NW2d 917 (2000). "Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 352-353; 483 NW2d 416 (1992). "The appellant bears the burden of proof in an appeal from an assessment, decision, or order of the Tax Tribunal." *ANR Pipeline Co v Dep't of Treasury*, 266 Mich App 190, 198; 699 NW2d 707 (2005).

Additionally, we review de novo issues of statutory construction. *Klooster v Charlevoix*, 488 Mich 289, 295-296; 795 NW2d 578 (2011). "The primary goal of statutory interpretation is to give effect to the Legislature's intent, focusing first on the statute's plain language." *Id.* at 296. The words used by the Legislature in writing a statute provide us with the most reliable evidence of the Legislature's intent. *Id.* While, generally, the interpretation of a statute by an agency charged with its execution is entitled to "the most respectful consideration," an agency's construction of a statute is not binding on the courts and cannot conflict with the Legislature's intent as expressed in clear statutory language. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103; 754 NW2d 259 (2008) (quotation marks and citation omitted). Moreover, "statutes exempting persons or property from taxation must be narrowly construed in favor of the taxing

authority." *Liberty Hill Housing Corp v Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008).

### III. ANALYSIS

Petitioners argue that the MTT erred by concluding that the property was not their principal residence. We disagree.

"Michigan's principal residence exemption, also known as the 'homestead exemption,' is governed by §§ 7cc and 7dd of the General Property Tax Act, MCL 211.7cc and MCL 211.7dd." *EldenBrady v Albion*, 294 Mich App 251, 256; 816 NW2d 449 (2011). MCL 211.7cc(1) provides, in relevant part:

> A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section.

MCL 211.7dd(c) defines "principal residence" as "the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established."

Petitioners do not contest that the utility bills indicate low utility usage, but instead argue that the utility bills were for services provided to a separate, nonresidential property that petitioners owned and that the utility bills, alone, did not constitute competent, material, and substantial evidence. However, petitioners never offered any documentary evidence supporting their claim that the utility bills applied to a separate, nonresidential property; in fact, each bill listed 31845

W. Lakeshore Dr. as the mailing address and classified the "account type" as "residential." Moreover, as the MTT noted, petitioners never offered any evidence contradicting respondent's utility bill evidence or otherwise establishing the usage of utilities on the property for the relevant years. Rather, petitioners redacted the "amount due" information from all the utility bills that they submitted. Thus, petitioners have not provided us with any reason to disturb the MTT's factual finding regarding the usage of utilities on the property.

Although petitioners presented their driver's licenses, voter registration cards, and tax returns, such evidence was not conclusive proof of petitioners' principal residence; instead, the items were merely evidence to be considered by the MTT for purposes of determining petitioners' principal residence. "The weight to be accorded to the evidence is within the Tax Tribunal's discretion." *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 404; 576 NW2d 667 (1998). Additionally, this Court may not second-guess the MTT's discretionary decisions regarding the weight to assign to the evidence:

> [I]f the administrative findings of fact and conclusions of law are based primarily on credibility determinations, such findings generally will not be disturbed because it is not the function of a reviewing court to assess witness credibility or resolve conflicts in the evidence. A reviewing court may not set aside factual findings supported by the evidence merely because alternative findings could also have been supported by evidence on the record or because the court might have reached a different result. [*Dep't of Community Health v Risch*, 274 Mich App 365, 372-373; 733 NW2d 403 (2007) (citations omitted).]

In the context of criminal and civil cases, appellate courts have frequently noted the deference due the trier of fact on issues of witness credibility and the weight to

accord the evidence.[1] Here, the fact-finder was the MTT. We take this opportunity to stress that, just as we defer to the trier of fact in criminal cases and civil cases, we must likewise defer to the MTT to assess the weight and credibility of the evidence before it. Therefore, we see no reason to disturb the MTT's conclusion that the driver's licenses, voter registration cards, and tax returns were not dispositive for purposes of determining petitioners' principal residence.

Respondent presented evidence supporting its position that 31845 W. Lakeshore Dr. was not petitioners' principal residence, but instead was utilized as a summer or seasonal home. The record established that the property was inaccessible by road and the home was less than 600 square feet in size. Respondent submitted utility bills for the property from 2009 and 2010 that indicated low utility usage. A longtime resident of the area testified that no one lived permanently on the island where the property was located. In addition to 31845 W. Lakeshore Dr., petitioners owned multiple other residential properties, including 8875 Grove Avenue, which was located within one minute of the children's school. Petitioners testified at the October 24, 2011, hearing that they had slept at the 8875 Grove Avenue home the previous night. The foregoing evidence supported respondent's contention that petition-

---

[1] See, e.g., *People v Ericksen*, 288 Mich App 192, 197; 793 NW2d 120 (2010) ("this Court scrupulously leave[s] questions of credibility to the trier of fact to resolve"); *People v Hill*, 257 Mich App 126, 141; 667 NW2d 78 (2003) ("This Court will not interfere with the role of the trier of fact of determining the weight of the evidence or the credibility of witnesses."); *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999) ("Questions of credibility are left to the trier of fact and will not be resolved anew by this Court."); *Allard v State Farm Ins Co*, 271 Mich App 394, 406-407; 722 NW2d 268 (2006) ("If there is any competent evidence to support the jury's verdict, we must defer our judgment regarding the credibility of the witnesses.").

ers used the property as a seasonal home, rather than their one "true, fixed, and permanent home to which, whenever absent, [they] intend[ed] to return . . . ." MCL 211.7dd(c).

Given that our ability to review decisions of the MTT is very limited and that statutes exempting persons or property from taxation must be narrowly construed in favor of the taxing authority, we do not find that the MTT committed an error of law or adopted a wrong legal principle.

Affirmed.

K. F. KELLY, P.J., and MARKEY and FORT HOOD, JJ., concurred.