# STATE OF MICHIGAN

# COURT OF APPEALS

SCHOENECKERS, INC.,

        Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

UNPUBLISHED
September 15, 2015

No. 321033
Tax Tribunal
LC No. 00-450419

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

In this tax refund case, petitioner appeals as of right from a decision of the Michigan Tax Tribunal that denied petitioner's motion for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) and granted respondent's cross-motion under the same court rule. For the reasons stated below, we affirm.

Petitioner designs, manages, and administers business performance improvement programs for its clients. A program participant, typically employees or customers of the client, accumulates reward points based on performance criteria. Petitioner bills clients for the total number of award points issued and its payment from the client is based only on the award points earned by and issued to the client's program participant. The participant then redeems for merchandise which is shipped directly from petitioner to the participant. Petitioner purchases the reward merchandise itself and does not pay sales tax at the time of purchase, but submits a resale exemption. The reward merchandise cannot be purchased separately from petitioner.

Petitioner admits that the merchandise is subject to tax and that the award items become subject to use tax at the time the program participant redeems the points for award items. However, petitioner argues that it is liable only for use tax based on the price it paid for the merchandise, not sales tax for the value of the reward points required in order to redeem the merchandise (i.e., gross proceeds).[1] The dollar value of the points that a participant is required to

---

[1] "Sales and use taxes are mutually exclusive but complementary, and are designed to exact an equal tax based on a percentage of the purchase price of the property in question." *Catalina*

-1-

redeem for merchandise is generally more than the cost of the merchandise itself, as the billing submitted to the client for award points covers petitioner's cost of administering the program *and* the costs for reward merchandise.

Petitioner seeks a sales tax refund of $286,086.35 covering the tax periods from January 1, 2008 through June 30, 2011 ("tax period"). Respondent denied petitioner's requested refund. On appeal, the Tax Tribunal concluded that the taxable event was the transfer of tangible personal property to the participants at the time the award points were redeemed. It concluded that although the agreement between petitioner and its client was a contract for service, the redemption of award points by a participant was a separate transaction and the incidental-to-service test from *Catalina Mktg Sales Corp v Dep't of Treasury*, 470 Mich 13; 678 NW2d 619 (2004), did not apply. Accordingly, it determined that petitioner was engaged in the business of making sales at retail and was thus subject to a tax based on 6% of the gross proceeds of the business such that it was not entitled to the requested refund. Petitioner's challenge to the ruling of the Tribunal is predicated on the "incidental to service" test set forth in *Catalina Mktg*.

"Review of a decision by the [Michigan Tax Tribunal] is very limited." *Drew v Cass Co*, 299 Mich App 495, 498; 830 NW2d 832 (2013). Decisions of the Tax Tribunal are reviewed to determine whether it made an error of law or adopted a wrong legal principle. *Credit Acceptance Corp v Dep't of Treasury*, 236 Mich App 478, 482; 601 NW2d 109 (1999). Findings of fact are reviewed on the whole record for support by competent, material, and substantial evidence. Const 1963, art 6, § 28; *Dow Chemical Co v Dep't of Treasury*, 185 Mich App 458, 462-463; 462 NW2d 765 (1990). Substantial evidence must be more than a scintilla of the evidence, but it may be substantially less than a preponderance of the evidence. *Dow*, 185 Mich App at 463.

In *Catalina Mktg*, our Supreme Court considered whether Catalina's providing of checkout coupons for its manufacturer-clients as part of its marketing service constituted a sale at retail and whether they therefore "owed sales tax on its transactions with its merchant-clients" or whether Catalina simply owed only the use tax that it had already paid for the provision of services. *Catalina Mktg*, 470 Mich at 19. Faced with a transaction involving both the provision of services and the transfer of tangible personal property (coupons), the Court adopted an "incidental to service" test, which examines whether the petitioner is a business engaged in a sale at retail or whether the business is engaged in the provision of a service. *Id*. at 22-24. The Court explained that if the "consideration paid in a transaction is not paid for the transfer of the tangible property, but for the service provided, and the transfer of the tangible property is only incidental to the service provided, the transaction is not a sale at retail under MCL 205.51(1)(b)." *Id*. at 25. Under the test, " 'sales tax will not apply to transactions where the rendering of a service is the object of the transaction, even though tangible personal property is exchanged incidentally.' " *Id*. at 24, quoting 85 CJS 2d, Taxation, § 2018, p 976. According to the *Catalina Mktg* Court:

---

*Mktg Sales Corp v Dept of Treasury*, 470 Mich 13, 19 n 3; 678 NW2d 619 (2004), quoting 85 CJS 2d, Taxation, § 1990, p. 950.

In determining whether the transfer of tangible property was incidental to the rendering of personal or professional services, a court should examine what the buyer sought as the object of the transaction, what the seller or service provider is in the business of doing, whether the goods were provided as a retail enterprise with a profit-making motive, whether the tangible goods were available for sale without the service, the extent to which intangible services have contributed to the value of the physical item that is transferred, and any other factors relevant to the particular transaction. [*Id*. at 25-26]

Petitioner contends that the tribunal adopted an incorrect legal principle by restricting the "incidental to service" to only single, indivisible transactions. According to petitioner, contrary to the tribunal's holding, the test also applies where there are two distinct transactions, such as the case at hand. We disagree.

The *Catalina Mktg* Court stated that "[w]hen a single transaction, as here, involves both the provision of services and the transfer of tangible personal property, it must be categorized as either a service or a tangible property transaction." *Id*. at 19. In *Catalina Mktg*, the second "transaction" was merely a coupon being issued out of a machine at merchant locations based upon a shopper's certain shopping habits. The shopper took possession of the coupon or advertisement offered without exchanging any consideration with Catalina for this coupon and could not control its appearance. In other words, there was no separate and distinct transaction between the shopper and Catalina. There was a single transaction that took place between Catalina and its manufacturer client, a part of which included the providing of coupons.

In this case, however, there are conceivably two business relationships: one between petitioner and client, and one between petitioner and participant. One transaction took place between petitioner and the client when petitioner implemented a performance improvement program for the client, the client issued award points to its participants, and then the client paid petitioner for the award points it had issued. At that point, the responsibilities of the client are completed. There is thereafter a second transaction between petitioner and participant wherein the participant redeems award points (consideration) for merchandise from the petitioner. The client has no interest or participation in this transaction. Petitioner's agreements provide, in fact, that once points are awarded to a participant, they are owned by the participant and are non-refundable. Each of the two transactions is supported by its own consideration. Because the second petitioner-participant relationship does not involve any service, the application of the incidental-to-service test is not required.

Petitioner's reliance on *Midwest Bus Corp v Dep't of Treasury*, 288 Mich App 334, 340; 793 NW2d 246 (2010) is misplaced, because in that case the parties agreed that the incidental-to-service test applied. Here, there is no such agreement and thus that case does not assist in determining the question at issue. Moreover, the petitioner in *Midwest Bus Corp* appears to have been providing property and service for the same clients under a singular contract whereas here petitioner provided a service for a client for consideration and in a separate transaction provided merchandise to the client's participants for separate consideration.

Petitioner's relationship with its participants is also distinguishable from *Univ of Mich Bd of Regents v Dep't of Treasury*, 217 Mich App 665; 553 NW2d 349 (1996). In that case a

photocopy service provided by the university approximated the actual cost of one photocopy and was clearly incidental to the university's educational mission. *Id*. at 669-670. Here, participants' relationships with petitioner are comprised of distinct transactions and the value of reward points often significantly exceed the value of the merchandise.

Notably, in all of the above cases, the sale of property portion of the transaction and the service portion of the transaction could conceivably be separated. But that was not the primary focus of the cases. The initial inquiry was upon the general nature of "the" (i.e., singular) transaction. Here, in contrast to the above cases, petitioner completed a transaction with its client in its entirety before engaging in a separate second transaction with the client's participants who were required to redeem consideration directly to petitioner who would, in turn, deliver merchandise directly to the participant. We see no error of law, nor do we believe the tribunal adopted a wrong legal principle. *Credit Acceptance Corp*, 236 Mich App at 482. Its findings are supported by competent, material, and substantial evidence. *Dow Chemical Co*, 185 Mich App at 462-463.

Affirmed.


/s/ William B. Murphy
/s/ Deborah A. Servitto

-4-