*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFF T. HARMON,

        Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

UNPUBLISHED
July 22, 2021

No. 353641
Tax Tribunal
LC No. 19-003888-TT

Before: BORRELLO, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Petitioner appeals as of right the final opinion and judgment of the Michigan Tax Tribunal (MTT) upholding respondent's denial of petitioner's request for a principal residence exemption (PRE) for tax years 2015 through 2018. Petitioner argues that the MTT erred by determining that he had not occupied the subject property as his principal residence and that he therefore was not eligible for the claimed PRE. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In December 2013, petitioner bought a parcel in Brownstown Charter Township, Michigan (the Brownstown property) and filed a PRE affidavit with respect to the Brownstown property. However, on the PRE affidavit for the Brownstown property, petitioner listed his parents' address in Taylor, Michigan as his mailing address. According to petitioner, the snow removal service hired by his homeowner's association knocked down his mailbox at the Brownstown property on two occasions shortly after he moved into the home. Because he was worried that he would not receive important mail, petitioner decided to keep his mailing address at his parents' home in Taylor and also rent a post office box in Rockwood, Michigan.

Petitioner became seriously ill in late 2015 and was unable to care for himself after undergoing multiple surgeries in 2016. He was hospitalized, went to a nursing facility for rehabilitation, and continued his recovery under his parents' care at the Taylor address.

In October 2018, respondent sent petitioner a Principal Residence Exemption Denial Notice stating that respondent was denying the PRE on the Brownstown property for tax years

2015 through 2018 because petitioner had not occupied the Brownstown property as his principal residence. Petitioner appealed the denial to respondent, which held an informal conference and ultimately upheld the denial of the PRE.

Petitioner appealed to the MTT, arguing that he occupied the Brownstown property as his principal residence and that he only lived elsewhere while he was recovering from his illness, thus qualifying him for a statutory exception to the occupancy requirement because he did not establish a new principle residence while he was recovering from his illness and also satisfied the other requirements for that exception. Petitioner presented evidence that included a durable power of attorney he granted to his mother in February 2016, correspondence regarding his medical diagnosis and disability, and utility bills for service at the Brownstown property. Petitioner maintained that he consistently used his parents' address for all financially related matters because of the durable power of attorney granted to his mother and because his mother prepared his tax returns.

Respondent presented evidence that included petitioner's voter registration information, which depicted that petitioner was registered to vote at his parents' address, as well as other addresses in Taylor, but did not show that he had ever been registered to vote at the Brownstown property address. Respondent also produced evidence of petitioner's vehicle registration information showing a vehicle registered in petitioner's name to his parents' address from 2014 to 2018. Additionally, respondent submitted as evidence petitioner's 2014, 2015, 2016, 2017, and 2018 Michigan Income Tax Returns, all of which listed petitioner's parents' address as petitioner's address. Respondent also submitted a copy of petitioner's driver's license that was issued on November 26, 2018, with the Brownstown property address on it, as well as evidence showing that this driver's license was mailed to petitioner at his Rockwood post office box. The evidence related to this license seems to indicate that there was an address change effective December 5, 2018. Evidence of petitioner's historical driver's license information indicated that petitioner had previously used a Taylor address different than his parents' address, his post office box, the Brownstown property, and his parents' address for purposes of his driver's license.[1]

The MTT considered the evidence submitted by both parties and found that petitioner had not demonstrated that he occupied the Brownstown property as his principal residence before, during, or after his illness, and it concluded that he had not satisfied the requirements for the medical exception to the occupancy requirement because he had not previously occupied the Brownstown property. The MTT concluded that the Brownstown property was not entitled to a PRE for tax years 2015 through 2018. This appeal followed.

---

[1] This information does not contain the dates for which each of these addresses was used. Nonetheless, petitioner does not appear to contest that he did not change his driver's license address to the Brownstown property address during the tax years now at issue in this appeal. Petitioner also appeared to concede in his written filings in the MTT that he did not change his driver's license address to the Brownstown property address during the tax years now at issue in this appeal. Petitioner instead essentially argued that he consistently used his parents' address and his post office box as his mailing addresses while continuing to reside at his Brownstown property.

## II. ANALYSIS

Petitioner argues that the MTT erred by determining that he had not occupied the subject property and by concluding that he had not satisfied the requirements for the medical exception to the occupancy requirement.

"Absent fraud, our review of MTT decisions is limited to determining whether the MTT erred in applying the law or adopted a wrong legal principle." *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 627; 752 NW2d 479 (2008). Statutes creating tax exemptions are narrowly construed in favor of the taxing authority, and the person claiming a tax exemption bears the burden of proving he or she is entitled to a tax exemption. *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 447-448; 912 NW2d 569 (2017).

"When the Tribunal's findings of fact are supported by competent, material, and substantial evidence on the whole record, those findings are conclusive." *Id*. at 447. Substantial evidence is "more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Drew v Cass Co*, 299 Mich App 495, 499; 830 NW2d 832 (2013) (quotation marks and citation omitted). This Court has stated that substantial evidence is evidence that "a reasonable mind would accept as sufficient to support the conclusion." *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 389; 576 NW2d 667 (1998).

" 'Michigan's principal residence exemption, also known as the "homestead exemption," is governed by §§ 7cc and 7dd of the General Property Tax Act, MCL 211.7cc[2] and MCL 211.7dd.' " *Estate of Schubert*, 322 Mich App at 448 (citation omitted). MCL 211.7cc(1) provides in relevant part that a "principal residence is exempt from the tax levied by a local school district for school operating purposes . . . if an owner of that principal residence claims an exemption as provided in this section." MCL 211.7cc(2) provides in relevant part that "[e]xcept as otherwise provided in subsection (5), an owner of property may claim 1 exemption under this section by filing an affidavit . . . [that] shall state that the property is owned *and occupied* as a principal residence by that owner of the property on the date that the affidavit is signed . . . ." (Emphasis added.) This Court has explained that "a person claiming a PRE on a property must establish that he or she owned and occupied the property as a principal residence for each year that the exemption is claimed." *Estate of Schubert*, 322 Mich App at 451. "Principal residence" means "the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." MCL 211.7dd(c).

The term "occupied," which is at the center of the dispute in the present case, is not defined in MCL 211.7cc or MCL 211.7dd. This Court has explained the meaning of "occupied" in this context as follows:

---

[2] MCL 211.7cc was amended, effective June 24, 2020, by 96 PA 2020. However, the language in this statute relevant to the issues presented in the instant appeal and contained in subsections (1), (2), (5), and (8), quoted throughout this opinion were unaffected by the amendment.

*Merriam-Webster's Collegiate Dictionary* (11th ed.) defines "occupy," in relevant part, as "to reside in as an owner or tenant." In turn, "reside" is defined as "to dwell permanently or continuously: occupy a place as one's legal domicile." *Id*.; see also [*EldenBrady v City of Albion*, 294 Mich App 251, 259; 816 NW2d 449 (2011)] (defining "unoccupied" as used in MCL 211.7dd(c) as meaning without a human tenant or resident). Accordingly, it is clear that a person must dwell either permanently or continuously at a property to "occupy" the property. [*Estate of Schubert*, 322 Mich App at 449-450.]

Petitioner, as the person claiming the tax exemption, was required to "present evidence linking" him to the Brownstown property as the claimed principal residence. *Id*. at 454. Such evidence may be presented "in the form of testimony or documentary evidence." *Id*. "Generally, documentary evidence relevant to whether a person occupies the property as his or her principal residence can include utility bills, driver's licenses, tax documents, other documents showing the petitioner's address, and voter registration cards. No single document is conclusive." *Id*. at 454-455 (citation omitted).

Finally, there is an exception in MCL 211.7cc(5), on which petitioner relies in this case, that allows an owner to retain a PRE on the property while residing elsewhere for purposes of convalescence so long as certain conditions are met. MCL 211.7cc(5) provides, in relevant part:

An owner of property who previously occupied that property as his or her principal residence but now resides in a nursing home, assisted living facility, or, if residing there solely for purposes of convalescence, any other location may retain an exemption on that property if the owner manifests an intent to return to that property by satisfying all of the following conditions:

(a) The owner continues to own that property while residing in the nursing home, assisted living facility, or other location.

(b) The owner has not established a new principal residence.

(c) The owner maintains or provides for the maintenance of that property while residing in the nursing home, assisted living facility, or other location.

(d) That property is not leased and is not used for any business or commercial purpose.

In this case, petitioner contests the MTT's finding that he did not occupy the Brownstown property as a principal residence. The MTT, in reaching its conclusion, relied on the record evidence that petitioner used his parents' Taylor address for purposes of his driver's license, vehicle registration, voter registration, and tax returns during the time period at issue in this case, which consisted of tax years 2015 through 2018. Our review of the record confirms that this documentary evidence links petitioner to his parents' address during the relevant time period. Moreover, petitioner does not deny this link. Petitioner instead maintains, as he did before the MTT, that he used his parents' address as his mailing address to ensure that he actually received important mail while continuing to reside at the Brownstown property. The MTT implicitly rejected this argument, finding that petitioner's longstanding pattern of using of his parents'

address for important legal documents demonstrated that he was acting in a manner inconsistent with occupying the Brownstown property as his principal residence.

Petitioner's appellate argument essentially amounts to a disagreement with how the MTT weighed the evidence and resolved conflicting evidence. As this Court has previously explained:

"The weight to be accorded to the evidence is within the Tax Tribunal's discretion." Additionally, this Court may not second-guess the MTT's discretionary decisions regarding the weight to assign to the evidence:

[I]f the administrative findings of fact and conclusions of law are based primarily on credibility determinations, such findings generally will not be disturbed because it is not the function of a reviewing court to assess witness credibility or resolve conflicts in the evidence. A reviewing court may not set aside factual findings supported by the evidence merely because alternative findings could also have been supported by evidence on the record or because the court might have reached a different result. [*Drew*, 299 Mich App at 501 (citations omitted; alteration in original).]

Therefore, petitioner's appellate argument does not demonstrate that the MTT erred because even if another result could also be supported by the record, we may not set aside the MTT's factual findings on that basis. *Id.* The evidence linking petitioner to his parents' address throughout the relevant time period was sufficient to allow a reasonable mind to accept the MTT's conclusion that petitioner did not occupy the Brownstown property as his principal residence. *Great Lakes*, 227 Mich App at 389. Because the MTT's factual findings were supported by "competent, material, and substantial evidence on the whole record," those findings are "conclusive." *Estate of Schubert*, 322 Mich App at 447.

With respect to the exception at issue in MCL 211.7cc(5), the MTT found that although petitioner established that he had a medical reason for residing away from the Brownstown property to convalesce following surgery in February 2016, petitioner nonetheless did not qualify to maintain a PRE under subsection (5) because he did not establish that he occupied the Brownstown property as his principal residence at the time preceding his medical issues and related period of convalescence. The MTT's conclusion that petitioner did not occupy the Brownstown property as his principal residence before his illness is supported by the above described evidence linking petitioner to his parents' address. Accordingly, this factual finding is also conclusive because it is supported by competent, material, and substantial evidence on the whole record. *Estate of Schubert*, 322 Mich App at 447. Petitioner's attempts to resist this conclusion by rearguing the relative strength and weight of the evidence presented to the MTT do not demonstrate that he is entitled to any relief on appeal because engaging in such analysis is outside the purview of our appellate review. *Drew*, 299 Mich App at 501.

The exception in MCL 211.7cc(5) permitting a property owner to retain a PRE while residing in a location other than the subject property for purposes of convalescence does not apply if the property owner did not "previously occup[y]" the subject property. Having found that petitioner did not previously occupy the Brownstown property as his principal residence, the MTT

did not make an error of law or adopt a wrong legal principle in determining that petitioner did not qualify for the exception in MCL 211.7cc(5) on that basis. *VanderWerp*, 278 Mich App at 627.

Affirmed.

/s/ Stephen L. Borrello
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens