*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFF PROPERTIES LLC,

        Petitioner-Appellant,

v

CITY OF WARREN,

        Respondent-Appellee.

UNPUBLISHED
December 14, 2023

Nos. 365160; 365161
Tax Tribunal
LC Nos. 22-002329; 22-002330

Before: REDFORD, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

In these consolidated appeals,[1] petitioner appeals of right the Michigan Tax Tribunal's final opinion and judgment deciding that a "transfer of ownership" of petitioner's properties took place, so the increase to the properties' taxes was correctly uncapped pursuant to MCL 211.27a(3). The Michigan Tax Tribunal concluded that the affidavit petitioner submitted, by itself, was insufficient to satisfy petitioner's burden of proof in challenging the uncapping of property taxes. We affirm.

## I. FACTUAL BACKGROUND

Petitioner, Jeff Properties LLC, owns two parcels of property at issue in this case: 21077 Eastwood and 3611 Poplar in Warren, Michigan (the properties). Petitioner is a limited-liability company owned and managed by John Andler, who described himself as a real-estate investor who acquires and then rents residential properties. For most of 2021, petitioner owned the properties. In November 2021, in refinancing of the properties, petitioner transferred the properties to Andler. Andler claimed he made those transfers at the direction of his lender to obtain desirable financing. After obtaining that financing, Andler transferred the properties back to petitioner. Petitioner filed property transfer affidavits with the assessor's office for the city of Warren, notifying the assessor of the transfers. Petitioner then received a notice of assessment reflecting that the property taxes

---

[1] *Jeff Props LLC v City of Warren*, unpublished order of the Court of Appeals, entered March 7, 2023 (Docket Nos. 365160 and 365161).

for the properties had been "uncapped," and therefore increased more than they would have if the property transfers had not occurred.[2]

Believing that "uncapping" of the property taxes was done in error, petitioner challenged the assessments at the March 2022 Board of Review meeting. Petitioner insisted that the property taxes on the properties should have remained capped because the property transfers were between entities with common control, so they did not qualify as transfers of ownership that would uncap the property taxes. The board disagreed with petitioner and affirmed the property tax assessments.

Petitioner then appealed the board's decision to the Michigan Tax Tribunal, where it was heard by an administrative law judge (ALJ). According to petitioner, the tax assessor improperly determined that the properties were not exempt from the "transfer of ownership" rule under MCL 211.27a(7)(m). Respondent answered, claiming that the properties do "not qualify for the common control exemption of uncapping" under MCL 211.27a. Respondent asserted that, when petitioner contested the assessment, respondent "requested proof that the Petitioner is qualified for the stated exemption." According to respondent, the only documentation petitioner provided was a transfer-of-ownership document showing that Andler owned petitioner.

In a filing before the ALJ's hearing, petitioner contended Andler was a sole proprietor, so the transfer between petitioner and Andler did not qualify as a "transfer of ownership" under MCL 211.27a(7). Petitioner claimed that since Andler is a real-estate professional "conducting business in the real estate investment business," and he solely owned and operated the properties as income investments, Andler was a sole proprietor, and so "the transfers between him and [petitioner] are excluded transfers under MCL 211.27a(7)(m)." In support of its argument, petitioner attached an affidavit from Andler that stated that he "satisfied the Internal Revenue Service's (IRS) criteria to qualify as a real estate professional," and on his personal tax returns he had "indicat[ed] that I own and operate [the properties], and other residential properties that I own and operate, as a real estate professional."

Respondent argued that petitioner was not entitled to the uncapping exemption under MCL 211.27a(7)(m) because it had not shown that Andler was operating as a sole proprietorship when he transferred the properties. Respondent contended that petitioner's only evidence was Andler's affidavit, and that petitioner had not submitted any other documentation to support his claim, such as an IRS Schedule C or a document that showed that the refinancing was a commercial loan made to a sole proprietorship as a legal entity. Respondent also argued that Andler's assertion that he is a "real estate professional" is distinct from claiming that he is a sole proprietor.

---

[2] Generally, yearly increases in property taxes are limited by statute. MCL 211.27a(2). But when a "transfer of ownership" of the property takes place, the cap does not apply, so the taxable value of the property is "uncapped." *Detroit Lions, Inc v Dearborn*, 302 Mich App 676, 693-694; 840 NW2d 168 (2013) (citation omitted). An exception to "uncapping" applies if the "transfer of real property or ownership interests" is among corporations, partnerships, limited liability companies, limited liability partnerships, or other legal entities if the entities are commonly controlled. MCL 211.27a(7)(m).

On December 9, 2022, after a hearing at which no other evidence was submitted, the ALJ issued a proposed opinion and judgment that upheld the assessed taxable value of the properties, thereby affirming the uncapping of the properties. The ALJ explained that petitioner had failed to meet its burden of proving, by a preponderance of the evidence, that it was entitled to an exemption under MCL 211.27a(7)(m). The ALJ defined the issue as "whether John Andler was acting as a legal entity by way of a sole proprietorship at the time of the transfers." The ALJ determined that "[p]etitioner's evidence in support that John Andler was acting as a sole proprietor is limited to an affidavit, signed by John Andler himself[,]" and petitioner had "failed to submit any documentary evidence regarding the existence of a sole proprietorship outside of the aforementioned affidavit." The ALJ observed that petitioner had the opportunity to present testimony at the hearing, but chose not to do so. The ALJ recognized that "there are no formalized requirements to engage in business as a sole proprietor," but concluded that "Andler's affidavit alone is insufficient to meet the burden of proof required to show entitlement to an exemption under MCL 211.27a(7)(m)." Consequently, the ALJ found "the transfer of ownership was not between entities under common control under MCL 211.27a(7)(m), but rather was a transfer between [petitioner] and John Andler, a natural person." Thus, the ALJ ruled that the properties were "properly uncapped for the 2022 tax year."

Petitioner filed exceptions to the ALJ's proposed opinion and judgment, claiming that there was good cause for the Tribunal to modify the proposed opinion and judgment because, although the ALJ identified the correct standard of proof, i.e., preponderance of the evidence, the ALJ held petitioner to a higher standard of proof. Petitioner insisted that Andler's affidavit was adequate to satisfy the burden of proof because, in the affidavit, Andler stated: (1) he and petitioner owned the properties and leased them to third parties as investment properties for generating income; (2) he personally satisfied the IRS criteria of a "real estate professional" during the year that the property transfers occurred; and (3) he "owns and operates the subject property and several other investment properties as a real estate professional." Petitioner observed that respondent had not presented any evidence to contradict Andler's affidavit, so petitioner had shown, by a preponderance of evidence, that Andler was acting as a sole proprietor. Petitioner contended that the ALJ did not give adequate consideration and weight to the Andler affidavit and, as result, the ALJ erroneously concluded that petitioner was not entitled to an uncapping exemption under MCL 211.27a(7)(m).

Respondent rejoined that the ALJ acted correctly by applying an adverse inference because petitioner "had access to multiple documents and a witness who could have provided strong evidence that John Andler was acting as a sole proprietor at the time of the property transfer," but, without any explanation, petitioner did not produce that highly relevant evidence. Consequently, respondent argued that it was proper for the Tribunal to infer the evidence would have been adverse to petitioner. Respondent also contended that it was not required to submit any evidence in support of its argument because petitioner had the burden of showing that it was exempted from uncapping. Beyond that, respondent argued that the ALJ correctly viewed Andler's affidavit as insufficient to prove he was acting as a sole proprietor at the time of the transfers because, in the affidavit, Andler never swore he was acting as sole proprietor. He merely stated he was a real-estate professional.

Based upon the parties' submissions, the Tribunal adopted the ALJ's proposed opinion and judgment. According to the Tribunal, petitioner asked it to "apply different weight to the relevant evidence" than the weight the ALJ applied, but the Tribunal had to afford deference to the ALJ's weighing of the evidence. In addition, the Tribunal stated that the ALJ had correctly weighed the evidence and that it agreed with the ALJ that petitioner was not entitled to the uncapping exemption

under MCL 211.27a(7)(m) because Andler's affidavit was insufficient to establish he was "a sole proprietor" or he was "operating in a capacity other than as Petitioner's sole owner." The Tribunal explained that, although Andler's affidavit "contained several statements that could possibly have supported Mr. Andler's claim, Petitioner chose not to submit any of the documents referenced in the affidavit and, as such, the affidavit remains unsupported and is self-serving." Accordingly, the Tribunal found that petitioner had failed to show good cause to modify the ALJ's proposed opinion and judgment, so the Tribunal adopted that opinion and judgment as its final decision. This appeal followed.

## II. LEGAL ANALYSIS

Petitioner argues that the Tribunal erred in concluding that petitioner was not entitled to an uncapping exemption under MCL 211.27a(7)(m) because the property transfers between petitioner and Andler, acting as a sole proprietor, were transfers between commonly controlled legal entities. Under Michigan law, "a property's taxable value is determined by the lesser of (1) the property's current state equalized value or (2) the property's taxable value in the previous year, minus losses, multiplied by 1.05 or the inflation rate, plus all additions." *TRJ & E Props, LLC v Lansing*, 323 Mich App 664, 670; 919 NW2d 795 (2018); see also MCL 211.27a(2). This tax structure caps the increases on a property's taxable value to the lesser of the rate of inflation or 5%. See *id*. at 671. That cap does not apply in specific situations, such as when there is a transfer of ownership of the property. MCL 211.27a(3). When a transfer of ownership occurs, "the taxable value of property may be reassessed according to the following year's state equalized value," which is described as "uncapping" the taxable value. *Detroit Lions, Inc v Dearborn*, 302 Mich App 676, 693-694; 840 NW2d 168 (2013) (citation omitted). An exception to "uncapping" applies if the transfer of real property or ownership interests is "among corporations, partnerships, limited liability companies, limited liability partnerships, or other legal entities" if the entities are commonly controlled. MCL 211.27a(7)(m).

A petitioner must show it is entitled to a tax exemption by a preponderance of the evidence. *ProMed Healthcare v Kalamazoo*, 249 Mich App 490, 494-495; 644 NW2d 47 (2002). If "fraud is not claimed, this Court reviews the tribunal's decision for misapplication of the law or adoption of a wrong principle." *Wexford Med Group v Cadillac*, 474 Mich 192, 201; 713 NW2d 734 (2006). "We deem the tribunal's factual findings conclusive if they are supported by competent, material, and substantial evidence on the whole record." *Id*. "Substantial evidence" is "more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Leahy v Orion Twp*, 269 Mich App 527, 529-530; 711 NW2d 438 (2006). "Failure to base a decision on competent, material, and substantial evidence constitutes an error of law requiring reversal." *Id*. at 530. "The weight to be accorded to the evidence is within the Tax Tribunal's discretion[,]" and "this Court may not second-guess the [Tribunal]'s discretionary decisions regarding the weight to assign to the evidence[.]" *Drew v Cass Co*, 299 Mich App 495, 501; 830 NW2d 832 (2013). This Court has emphasized that, "just as we defer to the trier of fact in criminal cases and civil cases, we must likewise defer to the [Tribunal] to assess the weight and credibility of the evidence before it." *Id*. at 502.

Here, the Tribunal rejected petitioner's challenge because petitioner did not offer sufficient evidence to establish by a preponderance of the evidence that Andler was acting as a sole proprietor when he transferred the properties. The Tribunal seemed to agree with petitioner's legal argument

that the property taxes would have remained capped if petitioner established that Andler was acting as a sole proprietor when he transferred the properties. In its proposed opinion and judgment, the ALJ identified the controlling issue as "whether John Andler was acting as a legal entity by way of a sole proprietorship at the time of the transfers." In its final opinion and judgment, the Tribunal characterized the "sole factor" in whether the properties should be uncapped as whether petitioner could prove Andler "acted as a sole proprietor (legal entity) or as a natural person not conducting business." The way the issue was framed by both the ALJ and the Tribunal signals their agreement with petitioner that, if petitioner established that Andler was acting as a "sole proprietor" when he transferred the properties, uncapping would have been improper. Where the ALJ and the Tribunal disagreed with petitioner was whether petitioner offered sufficient evidence to establish that fact.

Petitioner asserts that it is challenging the Tribunal's interpretation of MCL 211.27a(7)(m) and contends that the Tribunal failed to follow relevant caselaw concerning the definition of "sole proprietorship." But that inaccurately describes petitioner's challenge on appeal. The Tribunal accepted that the properties would have remained capped if petitioner could establish that Andler was acting as a sole proprietor when he transferred the properties, and there is nothing in the record to suggest that the Tribunal's rejection of petitioner's claim was the result of a disagreement over the definition of "sole proprietorship." Petitioner contends the definition of "sole proprietor" that should be used in this case is found in *Scott v South Haven*, unpublished per curiam opinion of the Court of Appeals, issued April 19, 2008 (Docket No. 339007).[3] But the ALJ's proposed opinion and judgment, adopted by the Tribunal, stated that it was using the *Scott* definition, so the Tribunal agreed with petitioner's legal argument.

The Tribunal disagreed with petitioner, however, on whether petitioner provided sufficient evidence to satisfy its burden of establishing that Andler was a "sole proprietor" at the time of the property transfers. To support its claim that Andler was operating as a "sole proprietor," petitioner relied entirely on Andler's affidavit, claiming it was sufficient to satisfy the burden of proof. The Tribunal conceded that Andler's affidavit "contained several statements that could possibly have supported" petitioner's claim that Andler was acting as a sole proprietor.[4] But the Tribunal stated that the Andler affidavit referred to several documents that petitioner "chose not to submit," so the Tribunal described the Andler affidavit as "unsupported" and "self-serving."

The Tribunal's opinion and judgment reflects the Tribunal's opinion that Andler's affidavit had very little evidentiary value. Because the "weight to be accorded to the evidence is within the Tax Tribunal's discretion," and we "may not second-guess the [Tribunal]'s discretionary decisions regarding the weight to assign to the evidence," *Drew*, 299 Mich App at 501, we reject petitioner's invitation to do just that in this appeal. Because the Tribunal decided to afford little (or no) weight

---

[3] In *Scott*, this Court relied on the *Black's Law Dictionary* definition of a sole proprietorship, which is "[a] business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity" or "[o]wnership of such a business." *Scott*, unpub op at 8; citing *Black's Law Dictionary* (10th ed).

[4] This portion of the Tribunal's opinion and judgment emphasizes that it was the lack of evidentiary support, and not a disagreement on the law, that the Tribunal deemed fatal to petitioner's claim.

to Andler's affidavit, the Tribunal's conclusion that petitioner failed to meet its burden of showing that Andler was operating as a sole proprietorship is well-supported by the record.

Giving due deference to the Tribunal's discretion to weigh the evidence, we conclude that the Tribunal did not err by finding that petitioner failed to present sufficient evidence to establish that Andler was acting as a sole proprietor when he transferred the properties. Thus, the Tribunal properly ruled that petitioner had no right to the uncapping exemption under MCL 211.27a(7)(m).

Affirmed.

/s/ James Robert Redford
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates