*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOE A. DAHM,

      Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

      Respondent-Appellee.

UNPUBLISHED
January 23, 2025
9:07 AM

No. 368855
Tax Tribunal
LC No. 22-000790-TT

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Petitioner appeals as of right the decision of the Michigan Tax Tribunal upholding respondent's denial of a principal residence exemption (PRE) for petitioner's Manistee property for tax years 2018, 2019, 2020, and 2021. Petitioner argues that the tribunal erred in affirming respondent's denial because the statutory requirements were met and the tribunal failed to consider evidence that shows the Manistee property was his principal residence during the tax years at issue. For the reasons set forth in this opinion, we affirm the tribunal's opinion and judgment.

## I. BACKGROUND

Petitioner owns two residential houses, one in Holland and the other in Manistee. The Manistee property consists of a house and two adjacent unoccupied parcels. Petitioner runs a financial planning business out of the Holland property and regularly returns to the Holland property in order to be closer to his family. Petitioner's driver's license, voter registration, vehicle registration, and income tax returns all use the address of the Holland property. Petitioner additionally claimed a homestead tax credit and home heating credit for the Holland property in 2017 and 2018.[1] In 2014, petitioner rescinded his PRE for the Holland property and obtained a

---

[1] The homestead property tax credit allows a claimant to "claim against the tax due under this part for the tax year a credit for the property taxes on the taxpayer's homestead deductible for federal income tax purposes . . . ." MCL 206.520(1). The home heating credit allows a claimant to "claim

PRE for the Manistee property. In 2021, respondent sent petitioner a PRE Audit Questionnaire regarding the Manistee property. Shortly after, respondent sent petitioner PRE denial notices for each parcel of the Manistee property. Respondent held an informal conference with petitioner regarding this denial and, ultimately, the denial was upheld.

Petitioner then filed a petition with the tribunal. He alleged that the Manistee property was his retirement home rather than a seasonal home. Respondent countered that, because petitioner's driver's license, voter registration, vehicle registration, and income tax returns all used the address of the Holland property, the Holland property was petitioner's principal residence. Respondent also submitted evidence that petitioner voted in Holland in 2020. Moreover, respondent submitted home heating credit and homestead income tax credit claims petitioner and his wife filed in 2017 and 2018, in which petitioner and his wife both used the Holland property's address. In response, petitioner filed several hundred pages of evidence, primarily consisting of cell phone records, credit card statements, and utility bills. Petitioner claimed that this evidence demonstrated that his principal residence was the Manistee property.

The tribunal held a hearing on June 2, 2023. At the hearing, petitioner contended that he and his wife primarily lived at the Manistee property but visited the Holland property to manage petitioner's financial planning business, mentor petitioner's son in the business, and be close to petitioner's grandchildren. Petitioner argued that respondent's reliance on petitioner's legal documents to determine that the Holland property was petitioner's principal residence was arbitrary. Petitioner contended that he did not want to change the address on his legal documents because it would be costly and burdensome to do so and because he kept all his legal and financial documents at the Holland property. Petitioner also claimed that both the Holland property and the Manistee property were eligible for a PRE and, because the Manistee property was more valuable, he should receive the PRE for that property.

The tribunal determined that petitioner's arguments were not supported by legal authority. Additionally, the tribunal found that petitioner had listed the Manistee property for sale, and it concluded that doing so was evidence of the Holland property being petitioner's principal residence. It further concluded that petitioner's use of the Holland property's address on petitioner's tax credit claims was further evidence of the Holland property being petitioner's principal residence. Upon review of the evidence submitted by petitioner, the tribunal found that this evidence demonstrated that petitioner spent more time at the Holland property. It also assigned "minimal credibility" to the argument that it would be too burdensome for petitioner to change the address on his legal documents from the Holland property's address. The tribunal therefore ultimately concluded that petitioner did not meet his burden of proof to demonstrate an entitlement to a PRE for the Manistee property. This appeal followed.

---

a credit for heating fuel costs for the claimant's homestead in this state." MCL 206.527a. MCL 206.527a(1) was amended twice in 2018 and once in 2022, but this language in subsection (1) did not change.

## II. STANDARD OF REVIEW

Absent fraud, our review of Tax Tribunal decisions is limited to the tribunal's errors in applying the law or its adoption of incorrect legal principles. *Campbell v Dep't of Treasury*, 509 Mich 230, 237; 984 NW2d 13 (2022), citing Const 1963, art 6, § 28. The tribunal's factual findings are conclusive when they are "supported by competent, material, and substantial evidence on the whole record." *Wilson v Grand Rapids*, 345 Mich App 484, 490; 7 NW3d 87 (2023) (quotation marks and citations omitted). Substantial evidence is evidence that a "reasoning mind would accept as sufficient to support a conclusion." *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 72; 964 NW2d 378 (2020) (quotation marks and citations omitted). It is more than a scintilla of evidence, but less than a preponderance of the evidence. *Id*.

We review questions of statutory interpretation de novo. *Campbell*, 509 Mich at 237. We interpret statutes using the plain meaning of the statute's words and phrases. *Id*. "It is well settled that ambiguities in the language of a tax statute are to be resolved in favor of the taxpayer, but that tax exemptions are to be strictly construed against the taxpayer." *Empire Iron Mining Partnership v Tilden Twp*, 337 Mich App 579, 587; 977 NW2d 128 (2021) (quotation marks, citation, and emphasis omitted).

## III. ANALYSIS

Petitioner argues that the tribunal erred in affirming respondent's denial of the PRE because the statutory requirements were met and the tribunal failed to consider evidence that shows the Manistee property was his principal residence during the tax years at issue. We disagree.

MCL 211.7cc(1) allows a property owner to claim an exemption from "the tax levied by a local school district for school operating purposes" on a property that is the owner's principal residence. *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 448; 912 NW2d 569 (2017). MCL 211.7dd(c) defines "principal residence" as "the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." "Because taxation is the rule and exemption from taxation the exception, the burden is on the claimant to establish the right to a tax exemption." *Campbell*, 509 Mich at 238. A petitioner must prove entitlement to an exemption by a preponderance of the evidence. *Spranger v City of Warren*, 308 Mich App 477, 479; 865 NW2d 52 (2014). "This Court may not second-guess the [Tribunal's] discretionary decisions regarding the weight to assign to the evidence." *Schubert*, 322 Mich App at 456 (quotation marks, alteration, and citation omitted).

Petitioner first contends that, because MCL 211.7cc does not explicitly state that a PRE claimant must use the address of the purported principal residence on all legal documents, the tribunal should not have used petitioner's legal documents as evidence that petitioner's principal residence was the Holland property. It is true that MCL 211.7cc does not *require* a principal residence to be the one listed on a claimant's driver's license, voter registration, vehicle registration, or income tax returns. However, these documents can be used as *evidence* of a claimant's principal residence. See *Schubert*, 322 Mich App at 454-455. In fact, in *Drew v Cass Co*, 299 Mich App 495, 498, 501-502; 830 NW2d 832 (2013), the petitioners supported their claim that the subject property was their principal residence with copies of their driver's licenses, voter

registration cards, and tax returns listing the address of the subject property but this Court held that such evidence did not constitute conclusive proof; rather, these items were simply evidence to be considered in determining principal residence for purposes of that tax exemption. Similarly, here, the tribunal did not determine that petitioner was required to have his principal residence on such documents; rather, the tribunal merely noted that the evidence was relevant to its analysis. This comported with well-established legal principles.[2]

With regard to the evidence pertaining to the driver's licenses, we note that section 315 of the Michigan Vehicle Code states that, "[a]n operator or chauffeur who changes his or her residence before the expiration of a license granted under this chapter shall immediately notify the secretary of state of his or her new residence address." MCL 257.315(1). In addition, "[a] person who fails to report a change of his or her residence address[3] is responsible for a civil infraction." MCL 257.315(3). MCL 257.315(4) states that it is a misdemeanor for a person to knowingly report a change of address to the secretary of state that is not his or her address. Similar to the change of address requirement that applies to driver's licenses, MCL 257.228(1) states that, if a person, after obtaining the registration of a vehicle, "moves from the address named in the application as shown upon a registration certificate or certificate of title, the person within 10 days after moving shall notify the secretary of state in writing of the old and new address." According to MCL 257.288(2), violation of this section is also a civil infraction. Considering these statutes, and the record before us, it appears much more likely that petitioner complied with sections 315 and 288, as opposed to having violating those subsections, i.e., petitioner did not notify the secretary of state of a change of address because his address did not change. Likewise, had petitioner notified the secretary of state of his change of address, by claiming to reside in Manistee, he potentially would have violated the above referenced misdemeanor statute.[4]

---

[2] The petitioners in *Drew* argued that a home they owned on an island on lake Dowagiac was their principal residence. But evidence revealed that the home was less than 600 square feet in size and was inaccessible from the road. *Drew*, 299 Mich App at 502. Petitioners admitted during the hearing that they had slept at another residential property they owned the night before the hearing, which was located one minute from their children's school. *Id.* In addition, another property owner on the island testified that no one lived permanently on the island where the petitioners' property was located. *Id.* The trial court found that the tribunal had not erred and that the 600 square foot home was a seasonal home, rather than their one true, fixed, permanent home to which they intended to return. *Id* at 502-503.

[3] MCL 257.50a defines "residence address" as "the place that is the settled home or domicile at which a person legally resides as defined in section 11 of the Michigan election law, 1954 PA 116, MCL 168.11."

[4] To be clear, we are not suggesting that petitioner violated MCL 257.315, but the existence of that statute, and the fact that petitioner did not notify the secretary of state of a change of address, constitute additional evidence supporting the fact that he lived in Holland during the time that is the subject of this case. We are not persuaded by petitioner's assertion that he has not changed the address of his driver's license or registration because those records are kept at his business office in Holland, despite the statutory requirement that a person must do so when he/she changes his/her address.

Petitioner also raises many challenges to the tribunal's factual findings, none of which we find persuasive. Petitioner's contention that the tribunal did not consider the costs of changing the address on petitioner's documentation is untrue; the tribunal explicitly addressed that claim and found it to be minimally credible. We must defer to the tribunal's assessment of the weight and credibility of the evidence before it. See *Drew*, 299 Mich App at 502. Additionally, petitioner argues that the tribunal improperly inferred legal intent to return to the Holland property from the fact that petitioner stored legal documents at the Holland property. But petitioner admits on appeal that "[a]ll important financial, legal, and family records are kept in safe files at our business office in Holland," which is the Holland property. Petitioner testified at the hearing that he and his wife use the Holland property's address on their most important legal documents, including their driver's licenses, voter registrations, vehicle registrations, tax returns, and credit card statements, which is clearly a highly relevant consideration when determining "the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." MCL 211.7dd(c). Again, we must defer to the tribunal's assessment of the weight and credibility of the evidence before it. See *Drew*, 299 Mich App at 502.

Petitioner further argues that his evidence demonstrated that the Manistee property was his principal residence. He contends that the tribunal's reliance on there being more telephone calls originating in Holland than in Manistee was improper because petitioner used the Holland property to manage his business and therefore made calls to clients there that he did not make at the Manistee property. But the cell phone records also showed that there were more *dates* on which petitioner's calls originated from Holland than from Manistee, which supports the tribunal's finding that the records were indicative of the Holland property being petitioner's principal residence.[5] Petitioner additionally argues that the tribunal used the cell phone records as an excuse not to appropriately weigh the utility bill and credit card records. However, we do not second-guess the tribunal's decisions as to the weight of the evidence. See *id*. The tribunal made clear that it had reviewed *all* evidence, including the utility bill and credit card records, and it determined

---

[5] The telephone records attached to petitioner's appendix strongly suggest that he and his wife actually live in Holland. Just by way of example, page 42 of the appendix shows that, on Tuesday, January 2, 2018, through Tuesday, January 9, 2018, not a single call listed on Linda Dahm's phone records originated in Manistee, but 20 calls originated from Holland. The only calls on that page that originate from Manistee occurred on Wednesday, January 10, 2018, and Thursday, January 11, 2018. Another example can be found on pages 46 through 50, which show that the Dahms were in Texas between approximately January 12, 2018, through at least January 20, 2018. When they returned "home" from Texas, the records on pages 50 to 53 of petitioner's appendix demonstrate that petitioner's calls originated from Holland (starting on January 22, 2018). In fact, after he returned from Texas, not a single call in petitioner's own cell phone records between January 22, 2018 and February 13, 2018 originated from Manistee (on February 13, 2018, the petitioner's cell phone records again suggest that petitioner traveled out of state for about a week). The phone records of petitioner and his wife are replete with similar entries where, day after day, calls originated from Holland, or out-of-state, and calls originating from Manistee occurred during a one-day or two-day period of time, with occasional exceptions, such as a five-day period starting the day before the Fourth of July holiday in 2018.

that this evidence had minimal value because there was no dispute petitioner had periodically used the Manistee property.

Petitioner's next argument is that the tribunal placed too much weight on the fact that petitioner cannot use a cost savings comparison to determine which property may receive a PRE. The tribunal does not appear to have used that fact as evidence against petitioner's position. Rather, it considered that argument and found petitioner's contention was unsupported by legal authority. More specifically, the tribunal rejected petitioner's claim that "he can simply select the highest valued property" for purposes of the exemption. The tribunal therefore made no legal error by declining to use the increased cost savings as evidence that petitioner was entitled to a PRE for the Manistee property, which was the more valuable property.

Next, petitioner argues that the tribunal incorrectly found that petitioner had put the Manistee property up for sale when petitioner only listed unoccupied parcels of the Manistee property for sale. Petitioner supports this with a sale listing that was not present in the lower court file. A party may not expand the record on appeal. MCR 7.210(A)(1); *Magley v M & W, Inc*, 325 Mich App 307, 322 n 8; 926 NW2d 1 (2018). We therefore decline to consider this argument. However, even if we did consider it we would find it unpersuasive in light of the significant evidence that the Holland property is where petitioner has his "true, fixed, and permanent home to which, whenever absent, he [] intends to return . . . ." MCL 211.7dd(c).

Finally, petitioner contends that respondent falsely claimed to not have received petitioner's evidence. As discussed, the tribunal considered evidence provided by petitioner and by respondent. The tribunal did not exclude any evidence, and it explicitly discussed how petitioner had provided a certified-mail return receipt as evidence that petitioner timely served respondent with his evidence. This contention does not have any bearing on the tribunal's decision and does not provide any basis for relief.

The tribunal held that petitioner did not carry his burden of establishing the right to the exemption for the Manistee property for the tax years at issue by a preponderance of the evidence. See *Campbell*, 509 Mich at 238; *Spranger*, 308 Mich App at 479. After our review, we conclude that the tribunal did not make an error of law or apply an incorrect legal principle. Furthermore, its conclusion that petitioner's principal residence was the Holland property was supported by competent, material, and substantial evidence on the record, including petitioner's use of the Holland property's address on all legal documents, petitioner claiming homestead and home heating credits for the Holland property, and the cell phone records of petitioner and his wife. Accordingly, we must affirm the tribunal's decision. See *Campbell*, 509 Mich at 237; *Wilson*, 345 Mich App at 490.

Affirmed.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace

-6-