*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAROL PENFOLD-PATTERSON and BRUCE PATTERSON,

Petitioners-Appellants,

UNPUBLISHED
July 14, 2022

v

DEPARTMENT OF TREASURY,

Respondent-Appellee.

No. 357964
Michigan Tax Tribunal
Small Claims Division
LC No. 20-004637

Before: SAWYER, P.J., and LETICA and PATEL, JJ.

PER CURIAM.

Petitioners appeal as of right from the order of the Small Claims Division of the Tax Tribunal denying petitioners a principal residence exemption (PRE) for the tax years 2016 through 2019. We affirm.

In 2013 petitioners acquired residential property located on Beach Road in Frankfort (Beach Road Property). Petitioners filed a PRE affidavit for the Beach Road Property, which was approved and continued through tax years at issue. But respondent eventually reviewed petitioners' exemption claim, and sent petitioners an audit inquiry. After receiving petitioners' response to the audit inquiry, respondent determined that the tax exemption should be denied for the subject tax years. On July 12, 2019 respondent issued a denial letter to petitioners stating as follows:

> Under the provisions of the General Property Tax Act, Public Act 206 of 1893, as amended, a principal residence is exempt from the tax levied by a local school district for school operating purposes up to 18 mills. To qualify for the Principal Residence Exemption, an individual(s) must own and occupy the Michigan property as his or her true, fixed, and permanent home or meet the other requirements as stated in MCL 211.7cc and MCL 211.7dd.
>
> The Michigan Department of Treasury (Department) is required under MCL 211.7cc to audit properties to determine if properties receiving the Principal Residence Exemption are entitled to the benefit. Based on the information received during the audit process, the Department is denying all or a portion of the Principal

-1-

Residence Exemption for the year(s) indicated on the above listed parcel for the following reason:

> *The parcel did not contain a dwelling owned and occupied by a person(s) as his or her principal residence. A person is not entitled to a PRE if the property is not occupied by the owner as his or her principal residence as defined by MCL 211.7dd and/or if any of the conditions detailed in Subsection (3) of MCL 211.7cc occur . . . .*

Petitioners appealed, and requested an informal conference, which was held on May 12, 2020. The referee made the following findings: Petitioner Bruce Patterson never held a Michigan driver's license; Bruce was registered to vote in California, with an address in Palo Alto, until he changed his voter registration to the Beach Road Property in June 2015, but there was no record of him voting at the precinct associated with the Beach Road Property; Bruce registered a vehicle at the Beach Road Property in June 2015, and renewed the registration there in June 2019; Bruce did not file Michigan income tax returns between 2016 and 2019; although Bruce stated that petitioners "split time . . . between [their] Michigan home and a rental in California," and "have not owned a house in any other state since 2007," petitioners owned property in Menlo Park, California, which served as the property tax billing address for the Beach Road Property in Michigan; Bruce commuted to and from his business in California; petitioners owned a business called Bywatyr, and a nonprofit business called PPRI, which were operated by respondent Carol Penfold-Patterson out of the guest house of the Beach Road Property; Carol filed Michigan income tax returns as "married filing separately" in 2016 and 2017; Bruce explained that petitioners obtained California driver's licenses because of the "cost of a violation [for] carrying an out of state license" in California. Finally, the referee noted that, although Carol was an owner of the Beach Road Property, there was no additional evidence demonstrating that Carol occupied the Beach Road Property during the tax years in question. The referee ultimately issued a recommendation to uphold the denial of the exemption, concluding as follows:

> The statute requires that a three-part test be satisfied to qualify for a principal residence exemption. Failure to meet one part of the test causes the failure to qualify for the exemption. First, a person must own the property; second, the person must claim the exemption; and third, the person must occupy the property as his or her principal residence. If any one of the requirements is not satisfied, or if a disqualifying factor applies, the person does not qualify for the exemption on the property.

> In this case, Petitioner did not provide sufficient evidence to prove that he occupied the subject property as his principal residence during the tax years at issue. Petitioner's legal documents place him in California during the years at issue. The documents submitted by Petitioner were insufficient to establish that Petitioner occupied the subject property as his principal residence. Additionally, Petitioner acknowledged that he commutes to and resided in California for parts of 2016 through 2019. Petitioner failed to meet his burden of proof to substantiate entitlement to a principal residence exemption on the subject property during the tax years at issue.

On August 20, 2020, respondent issued a Decision and Order of Determination adopting the recommendation of the referee:

> The Department has reviewed the recommendation of the Referee in the above-captioned matter and it appears that the recommendation is supported by legal authority and reasoned opinion.
>
> *   *   *
>
> This Decision and Order of Determination is accepted as the Department's final decision in this matter under MCL 211.7cc(8) of the General Property Tax Act.

Carol filed an appeal with the Tax Tribunal on behalf of petitioners, asserting as follows:

> The preponderance of evidence including State and Federal income tax filings listing the residence in question as the principal residence in addition to businesses listing the address and most importantly, the fact that this residence is the only owned property (other than a rental property ALSO in Michigan) by the petitioner forms the basis of this appeal. Additional information will be presented at the appropriate time.

The Tax Tribunal scheduled a telephonic hearing before an administrative law judge (ALJ), and petitioners appeared with legal counsel. From here forward, petitioners offered testimony and other evidence attempting to establish only Carol's occupancy of the Beach Road Property during the tax years in question. This included a letter from the local property assessor stating that Carol spent approximately 215 nights per year at the Beach Road Property. It also included testimony that even though Carol had a California driver's license, she was not aware of the legal requirements for obtaining one and renewed it online out of "sheer laziness," and that petitioners did not read important legal documents because Bruce believed "obtaining a driver's license or signing a document on a clipboard [was] 'trivial' in nature" and did not change the status of the Beach Road Property as Carol's primary residence. Petitioners also offered testimony and other evidence to show that they owned two parcels in Michigan and none elsewhere, that they had not claimed a PRE for any other Michigan property or a similar tax exemption in any other state, that Carol filed Michigan income tax returns for the tax years in question, and that Bruce rented a home in California at which Carol spent three months per year.

Respondent put forth evidence and argued that petitioners did not prove Carol's occupancy of the Beach Road Property during the tax years in question. It argued that Carol had a California driver's license and was registered to vote in California during the tax years at issue, listing her address in Menlo Park. It further argued that, even though Carol purportedly occupied the Beach Road Property as her principal residence beginning in 2013, she renewed her California driver's license and voted in California elections after that time.

The ALJ issued a Proposed Opinion and Judgment (POJ) finding that the PRE should remain denied for tax years 2016 through 2019 because petitioners failed to establish Carol's occupancy of the Beach Road Property:

-3-

[T]he income tax returns are the only documentation potentially providing support for Petitioner's occupancy and said documentation is outweighed by Petitioner's consistent claims that she was a California resident and actions verifying said claims (i.e., license renewal and voting). As result, Petitioner has failed to demonstrate by a preponderance of the evidence that she either established or occupied the property as a principal residence for the tax years at issue.

On July 8, 2021 the Tax Tribunal issued a Final Opinion and Judgment, adopting the POJ and thus affirming the denial of petitioners' PRE for tax years 2016 through 2019. It determined as follows:

[T]he Administrative Law Judge properly considered the testimony and evidence submitted in the rendering of the POJ. . . . The POJ found Petitioner's renewal of her California [driver's] license and voter registration after the date that she claims the subject property was her principal residence shows, in fact, her legal intent to return to California, and not the subject property, as her principal residence for the tax years at issue. The POJ found this evidence and the fact that Petitioner voted in California after filing an affidavit indicating the subject property was her principal residence to be more persuasive than Petitioner's evidence of occupancy and the Tribunal agrees.

In this appeal, petitioners argue that the Tax Tribunal erred in denying petitioners' PRE for the Beach Road Property between tax years 2016 and 2019 on the grounds that MCL 211.7cc(3) does not include disqualifications for voter registration and driver's licenses issued by another state, which is what the tribunal relied upon in denying petitioners' PRE. According to petitioners, Carol has principally resided at the Beach Road Property since 2013, and petitioners have satisfied all requirements for granting the PRE. We disagree.

This Court's review of a Tax Tribunal decision "is limited to deciding if the tribunal's factual findings are supported by competent, material, and substantial evidence on the record." *Inter-Cooperative Council v Dep't of Treasury*, 257 Mich App 219, 221; 668 NW2d 181 (2003). Otherwise, "[i]n the absence of an allegation of fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal committed an error of law or adopted a wrong legal principle." *Mich Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 490; 618 NW2d 917 (2000).

MCL 211.7cc provides the following in relevant part:

(1) A principal residence is exempt from the tax levied by a local school district for school operating purposes to the extent provided under section 1211 of the revised school code, 1976 PA 451, MCL 380.1211, if an owner of that principal residence claims an exemption as provided in this section. . . .

(2) Except as otherwise provided in subsection (5), an owner of property may claim 1 exemption under this section by filing an affidavit . . . . The affidavit shall state that the property is owned and occupied as a principal residence by that owner of the property on the date that the affidavit is signed and shall state that the

owner has not claimed a substantially similar exemption, deduction, or credit on property in another state. . . .

(3) Except as otherwise provided in subsection (5), a married couple who are required to file or who do file a joint Michigan income tax return are entitled to not more than 1 exemption under this section. For taxes levied after December 31, 2002, a person is not entitled to an exemption under this section in any calendar year in which any of the following conditions occur:

(a) That person has claimed a substantially similar exemption, deduction, or credit, regardless of amount, on property in another state. . . .

(b) Subject to subdivision (a), that person or his or her spouse owns property in a state other than this state for which that person or his or her spouse claims an exemption, deduction, or credit substantially similar to the exemption provided under this section, unless that person and his or her spouse file separate income tax returns.

(c) That person has filed a nonresident Michigan income tax return, except active duty military personnel stationed in this state with his or her principal residence in this state.

(d) That person has filed an income tax return in a state other than this state as a resident, except active duty military personnel stationed in this state with his or her principal residence in this state.

(e) That person has previously rescinded an exemption under this section for the same property for which an exemption is now claimed and there has not been a transfer of ownership of that property after the previous exemption was rescinded, if either of the following conditions is satisfied:

(*i*) That person has claimed an exemption under this section for any other property for that tax year.

(*ii*) That person has rescinded an exemption under this section on other property, which exemption remains in effect for that tax year, and there has not been a transfer of ownership of that property.

MCL 211.7dd(c) states the following in relevant part:

"Principal residence" means the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established. Except as otherwise provided in this subdivision, principal residence includes only that portion of a dwelling or unit in a multiple-unit dwelling that is subject to ad valorem taxes and that is owned and occupied by an owner of the dwelling or unit. . . . Property that qualified as a principal residence shall continue to qualify as a principal residence for 3 years after all or any portion of the dwelling or unit included in or constituting the principal residence is rented

or leased to another person as a residence if all of the following conditions are satisfied:

(*i*) The owner of the dwelling or unit is absent while on active duty in the armed forces of the United States.

(*ii*) The dwelling or unit would otherwise qualify as the owner's principal residence.

(*iii*) Except as otherwise provided in this subparagraph, the owner files an affidavit with the assessor of the local tax collecting unit on or before May 1 attesting that it is his or her intent to occupy the dwelling or unit as a principal residence upon completion of active duty in the armed forces of the United States. . . .

Property owned and occupied as a principal residence, and that otherwise satisfies the requirements of MCL 211.7cc and MCL 211.7dd, is eligible for an exemption from certain property tax levies. Our Supreme Court "has long held that since '[e]xemption from taxation effects the unequal removal of the [tax] burden generally placed on all landowners to share in the support of local government [and] [s]ince exemption is the antithesis of tax equality, exemption statutes are to be strictly construed in favor of the taxing unit.'" *Ladies Literary Club v Grand Rapids*, 409 Mich 748, 753; 298 NW2d 422 (1980), quoting *Mich Baptist Homes & Dev Co v Ann Arbor*, 396 Mich 660, 669-670; 242 NW2d 749 (1976).

A taxpayer requesting this exemption must establish entitlement to that exemption by a preponderance of the evidence. *ProMed Healthcare v Kalamazoo*, 249 Mich App 490, 494-495; 644 NW2d 47 (2002). "Generally, documentary evidence relevant to whether a person occupies the property as his or her principal residence can include utility bills, driver's licenses, tax documents, other documents showing the petitioner's address, and voter registration cards." *Schubert Estate v Dep't of Treasury*, 322 Mich App 439, 454-455; 912 NW2d 569 (2017), citing *Drew v Cass Co*, 299 Mich App 495, 500-501; 830 NW2d 832 (2013). Other evidence of qualifying occupancy may be relevant, and "[n]o single document is conclusive." *Schubert*, 322 Mich App at 454-455. " 'The weight to be accorded to the evidence is within the Tax Tribunal's discretion.'" *Drew*, 299 Mich App at 501, quoting *Great Lakes Div of Nat'l Steel Corp v City of Ecorse*, 227 Mich App 379, 404; 576 NW2d 667 (1998). This Court "may not second-guess the MTT's discretionary decisions regarding the weight to assign to the evidence." *Drew*, 299 Mich App at 501.

While petitioners correctly note that registering to vote and obtaining a driver's license in another state are not automatic disqualifications for obtaining a PRE under MCL 211.7cc(3), the Tax Tribunal did not deny petitioners' PRE on the basis of any automatic statutory disqualifications; instead, the tribunal determined that petitioners did not prove Carol's primary occupancy of the subject residence as required for a PRE.

Carol admitted that she held a California driver's license for the tax years in question, that she took steps to renew that license, and that for the driver's license she listed her Menlo Park address as her residence. Carol was also registered to vote in California, and did in fact vote in California, on the basis of her Menlo Park residency. Carol was required to provide documentation

verifying that she was a California resident in order to register to vote and obtain a driver's license in California, and that state imposes criminal penalties for falsifying residency for purposes of voting.

In addition to crediting the evidence that Carol resided in California, the Tax Tribunal determined that petitioners provided unreliable evidence in support of their position. During the informal conference, it was revealed that Bruce stated that petitioners "have not owned a house in another state since 2007," and that they "split time" between their Michigan home and a California rental. However, petitioners submitted copies of their California driver's licenses listing different California addresses as residences, and it was revealed during the conference that petitioners owned the property in Menlo Park. The tribunal found no explanation why petitioners' respective driver's licenses indicated different addresses. Additionally, while Carol admitted that she applied for, and received, a California driver's license, the reasons put forward for her doing so were inconsistent. At the informal conference, it was revealed that both petitioners obtained California driver's licenses "because of the cost of a violation [for] carrying an out of state license" while in California. During the Tax Tribunal hearing, however, Carol testified that she renewed her California license online, thus reaffirming her status as a California resident, out of "sheer laziness." Petitioners were thus inconsistent concerning their awareness of, or sensitivity to, legal implications relating to having driver's licenses, registering to vote, and voting.

Moreover, the testimony suggested that petitioners did not read important legal documents, such as driver's license applications or voting registration documents, finding them "trivial" in nature, but the Tax Tribunal found petitioners' failure to read such documents "puzzling" given their extensive educations and demonstrated abilities to run multiple businesses. Finally, the tribunal found Carol's evidence of spending 215 nights per year at the Beach Road Property during the time relevant unreliable because Carol renewed her California driver's license and proceeded to vote in California elections after signing the PRE affidavit on April 15, 2013, while indicating that she occupied the Beach Road Property as her principal residence as of that date.

The Tax Tribunal found that Carol's Michigan income tax returns for 2016 and 2017 provided the strongest support for Carol's occupancy of the Beach Road Property, but reasonably concluded that they were outweighed by Carol's consistent actions holding herself out, and taking the steps necessary to maintain her status, as a California resident.

For these reasons, we conclude that the Tax Tribunal's denial of petitioners' PRE for the tax years in question was supported by competent, substantial, and material evidence on the whole record, that petitioners failed to demonstrate by a preponderance of the evidence that Carol occupied the property as a principal residence at the times relevant, and that the Tax Tribunal did not misapply the law or adopt an incorrect principle in arriving at its decision.

Affirmed.

/s/ David H. Sawyer
/s/ Anica Letica
/s/ Sima G. Patel

-7-