*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZENA ROUMAYA,

UNPUBLISHED
March 23, 2023

Petitioner-Appellant,

v

No. 361373
Tax Tribunal
LC No. 21-003620

CITY OF STERLING HEIGHTS,

Respondent-Appellee.

Before: GADOLA, P.J., and GARRETT and FEENEY, JJ.

PER CURIAM.

Respondent, the City of Sterling Heights ("the City"), denied a poverty tax exemption sought by petitioner Zena Roumaya for her residential property because Roumaya's household income exceeded the exemption threshold. The Michigan Tax Tribunal (MTT) affirmed the City's denial of the exemption. Because the MTT's findings were supported by substantial evidence, we affirm.

## I. BACKGROUND

Roumaya filed an application with the City's July 2021 Board of Review requesting a poverty tax exemption for her residential real property in Sterling Heights. The Board denied Roumaya's application, finding that she did not meet the requirements established in the City's February 2021 Real Property Tax Hardship Exemption Guidelines ("Exemption Guidelines").

Roumaya filed a petition with the MTT to appeal the Board's decision, stating that her family was low-income and could not afford rising property taxes. The City responded, explaining that its exemption application "requires the applicant to meet both the Income and Asset Standards" in order to receive the poverty tax exemption, and asserting that Roumaya had failed to meet either standard as set forth in the Exemption Guidelines. The parties provided the MTT with various exhibits to review, including the 2021 Board of Review decision and Roumaya's 2021 exemption application with supporting tax documentation. Following a telephone hearing, the MTT issued an opinion and judgment denying Roumaya's request for a poverty tax exemption on the ground that she failed to meet the income requirements set forth in the City's Exemption Guidelines.

-1-

The MTT's opinion noted that Roumaya testified that she thought it was "unfair to include her husband's disability income as he [could not] work," and that she was seeking "leeway in granting the poverty exemption as she [could not] afford to pay the property taxes." The MTT acknowledged that the City adopted federal poverty standards as its income guidelines for considering a poverty tax exemption. For Roumaya's household of four persons, the City's Exemption Guidelines designated $26,200 as the poverty income level. The MTT found that Roumaya's household income, as reported on her 2020 federal income tax return, and supported by other submitted documentation, totaled $39,963. Because Roumaya's household income was above the federal poverty income standards, and thus respondent's Exemption Guidelines, the MTT concluded that Roumaya had not satisfied the income requirements for a poverty tax exemption.

Roumaya now appeals as of right.[1]

## II. STANDARD OF REVIEW

"In the absence of fraud, this Court reviews a decision of the [MTT] to determine whether the tribunal committed an error of law or adopted a wrong legal principle." *WA Foote Mem Hosp v City of Jackson*, 262 Mich App 333, 336; 686 NW2d 9 (2004). The MTT's factual findings are conclusive if supported by "competent, material, and substantial evidence on the whole record." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010) (quotation marks and citations omitted); see also Const 1963, art 6, § 28. " 'Substantial evidence' has a classic definition: the amount of evidence that a reasonable mind would accept as sufficient to support a conclusion. While it consists of more than a scintilla of evidence, it may be substantially less than a preponderance." *In re Payne*, 444 Mich 679, 692; 514 NW2d 121 (1994).

## III. ANALYSIS

Roumaya appeals the MTT's decision, arguing that she is entitled to the poverty tax exemption.

A petitioner claiming a property tax exemption must prove entitlement to that exemption by a "preponderance of the evidence." *ProMed Healthcare v Kalamazoo*, 249 Mich App 490, 494-495; 644 NW2d 47 (2002). At issue is the property tax exemption under MCL 211.7u, which provides:

> (1) The principal residence of a person who, in the judgment of the supervisor and board of review, by reason of poverty, is unable to contribute toward

---

[1] The City challenged our jurisdiction over this appeal, alleging that Roumaya's claim of appeal was untimely filed on May 31, 2022. To the contrary, Roumaya filed her claim of appeal on May 11, 2022. Under MCR 7.204(A)(1), an appeal of right in a civil case must be filed within 21 days after entry of the order appealed from, and in the instant case, Roumaya challenged the April 20, 2022 MTT final order by timely filing a claim of appeal on May 11, 2022.

the public charges is eligible for exemption in whole or in part from the collection of taxes under this act. . . .

(2) To be eligible under this section, a person shall . . . do all of the following on an annual basis:

\* \* \*

(e) Meet the federal poverty guidelines published in the prior calendar year in the Federal Register by the United States Department of Health and Human Services under its authority to revise the poverty line under 42 USC 9902, or alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines.

\* \* \*

(4) The governing body of the local assessing unit shall determine and make available to the public the policy and guidelines used for the granting of exemptions under this section. . . . The guidelines must include, but are not limited to, the specific income and asset levels of the claimant and total household income and assets.

(5) The board of review shall follow the policy and guidelines of the local assessing unit in granting or denying an exemption under this section. . . .

Roumaya argues that she should receive the poverty tax exemption under MCL 211.7u and that the City "went beyond its reasonable power in crafting the decision" to deny the exemption. Roumaya simply provides these assertions without citing any facts or law in support. This reason alone provides a basis to reject her argument. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) ("[W]here a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court.").

Roumaya's arguments also fail on their merits. Under MCL 211.7u, the Legislature identified specific guidelines that local assessing units must follow when determining whether a poverty tax exemption should be granted. These rules include, at a minimum, that a local assessing unit, such as the City, adopt guidelines based on the standards published by the United States Department of Health and Human Services. MCL 211.7u(2)(e). In establishing these guidelines, a local government is only prohibited from imposing *stricter* requirements than those of the federal poverty guidelines. *Id*. In this case, pursuant to MCL 211.7u(4), the City enacted its own Exemption Guidelines for granting poverty tax exemptions. The Exemption Guidelines include a chart showing the federal poverty thresholds based on family size—which, for a family of four, is $26,200 of gross income. The income requirements provided in the Exemption Guidelines precisely follow the federal standards, and thus, in accord with MCL 211.7u(2)(e), do not set forth lower income eligibility requirements. The Exemption Guidelines are thus valid and enforceable, and the City acted within its authority in establishing and applying its Exemption Guidelines to Roumaya's application.

Roumaya's application stated that her family was composed of four members: herself and her husband, son, and daughter. The City's Board of Review appropriately recognized that Roumaya's household income needed to be less than $26,200 to meet the income requirements for the poverty tax exemption. The MTT determined that the household income Roumaya reported on her 2020 federal income tax return, plus the income reported on her daughter's 2020 return, totaled $39,963. Roumaya does not challenge these calculations. The MTT also noted that, while "some of this income is not subject to Income Tax, it is counted as income for purposes of a poverty exemption." This finding aligns with the City's Exemption Guidelines, which provide that Social Security benefits and other public assistance counts as income for purposes of determining eligibility for the poverty tax exemption. While the MTT could not determine the exact amount of Roumaya's assets, Roumaya's failure to meet the household income requirements was sufficient on its own to disqualify her for a poverty tax exemption. Under the Exemption Guidelines, income *and* asset requirements must be met in order to qualify for a poverty tax exemption. Because Roumaya's household income indisputably exceeded the federal poverty standards, as mirrored in the City's Exemption Guidelines, she was not entitled to a poverty tax exemption. And because the MTT's findings were supported by documentation submitted by the parties, its findings were supported by competent, material, and substantial evidence on the whole record. See *Briggs*, 485 Mich at 75. Accordingly, the MTT did not commit an error of law by denying Roumaya's application for the poverty tax exemption. See *WA Foote Memorial Hosp,* 262 Mich App at 336.

The MTT also rejected Roumaya's request for "leeway" in receiving a poverty tax exemption. On appeal, Roumaya again alludes to this request, stating that she is "low-income on government assistance," has a "disabled husband," and "simply cannot afford the increased taxes of the city." As the City correctly points out, before December 2020, MCL 211.7u allowed for the deviation from the poverty income standards when there were "substantial and compelling reasons" to do so. See MCL 211.7u(5), as amended by 2020 PA 253 ("The board of review shall follow the policy and guidelines of the local assessing unit in granting or denying an exemption under this section unless the board of review determines there are substantial and compelling reasons why there should be a deviation from the policy and guidelines . . . ."). But the current version of the statute—which became effective December 22, 2020, and thus applies to Roumaya's 2021 exemption application—no longer allows for deviations under any circumstances. MCL 211.7u(5). Because the MTT's powers are limited to those authorized by statute and do not include powers of equity, the MTT lacked authority to grant discretionary "leeway" to Roumaya. See *Vanderwerp v Charter Twp of Plainfield*, 278 Mich App 624, 634; 752 NW2d 479 (2008). For these reasons, Roumaya is not entitled to relief.

Affirmed.

/s/ Michael F. Gadola
/s/ Kristina Robinson Garrett
/s/ Kathleen A. Feeney