# STATE OF MICHIGAN

# COURT OF APPEALS

LEWIS R. HARDENBERGH, JOHN T.
HARDENBERGH, THOMAS R.
HARDENBERGH, and DOROTHY R.
WILLIAMSON,

        Petitioners-Appellants,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

FOR PUBLICATION
March 27, 2018
9:10 a.m.

No. 337039
Tax Tribunal
LC No. 14-000990-TT

Before: SAWYER, P.J., and BORRELLO and SERVITTO, JJ.

PER CURIAM.

Petitioners appeal as of right the final judgment of the Tax Tribunal upholding the Department of Treasury's denial of petitioners' request for waiver of interest under MCL 211.7cc(8). We affirm.

The principal facts are not in dispute. Since at least 2005, Lewis R. Hardenbergh has resided on land he owns in Manistee, Michigan. Contiguous to his property is another parcel (the subject property), measuring approximately four acres and including a cottage occupied by a caretaker of the property, a house, a log cabin, two garages, and three sheds. The subject property was owned by Lewis's mother, Flora, but upon her death in 2006, it transferred to her children, petitioners.

Upon acquiring the property in 2006, petitioners applied for a principal residence exemption (PRE) given that Lewis's property was contiguous to the subject property, although none of petitioners intended to reside, or did reside, on the subject property. When Lewis requested PRE status for the subject property David Meister, the county assessor, sought the guidance of the Manistee County Equalization Director. The director informed Meister that "the value attributable to the buildings on the Subject Property would not qualify for the PRE, but the land itself would qualify for the PRE." Because the value of the buildings amounted to 15 percent of the total taxable value of the property, petitioners claimed, and they were granted, PRE status for 85 percent of the property.

-1-

In November 2013, the Manistee County Treasurer determined that the subject property is not eligible for the PRE and, hence, denied the PRE for 2010 through 2013. The county issued petitioners a corrected tax bill for $80,384.90, including $20,231.06 in interest.

In February 2014, petitioners requested that respondent waive the interest, pursuant to MCL 211.7cc(8), which permits respondent to waive interest in the instance that the county assessor submits an affidavit attesting to an error enumerated in the statute. In their request, petitioners noted that they had followed "the guidance [the assessor] received from the County Director in claiming an 85% PRE exemption [sic]." Pursuant to statutory requirements, Meister also submitted an affidavit requesting that respondent waive the interest and noting the reason why the subject property had been allowed the 85 percent PRE. Respondent denied the interest waiver request, stating, "Based on the information we received, it has been determined that insufficient documentation was submitted to show that an assessor's error occurred as required by MCL 211.7cc(8)."

Petitioners appealed respondent's denial of the interest waiver to the Michigan Tax Tribunal.[1] In their petition, petitioners pleaded that "the explanation submitted by the Assessor outlined the facts and circumstances which . . . constitute an 'other error' by the Assessor pursuant to [MCL 211.7cc(8).]." Petitioners further asserted that respondent made no findings to support its determination denying the interest waiver and that its decision was arbitrary. In their request for relief, petitioners requested that the Tribunal reverse respondent's decision and order that "the waiver of penalty interest be granted . . . ." Respondent countered that the "error" made was not the type of error that MCL 211.7cc(8) contemplated, and petitioners' request to waive interest was based on equitable principles not contained in the statute.

After a hearing, the Tribunal entered a Final Opinion and Order denying petitioners' interest waiver request. It reasoned that that "other errors" are those akin to classification errors, and further noted that it was not entirely persuaded that the error at the heart of the case was made by the assessor. Petitioners now appeal.

On appeal, petitioners first argue that the Tribunal's interpretation of MCL 211.7cc(8) was erroneous. We disagree.

"Review of a decision by the [Michigan Tax Tribunal] is very limited." *Drew v Cass Co*, 299 Mich App 495, 498; 830 NW2d 832 (2013). Unless fraud is alleged, this Court reviews the Tribunal's decision for a "misapplication of the law or adoption of a wrong principle." *Liberty Hill Housing Corp v City of Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008). "The Tribunal's

---

[1] Petitioners filed a separate, earlier appeal of the county treasurer's decision to deny PRE status. The Tribunal determined that petitioners were not entitled to the tax exemption, and this Court affirmed, although declining to address the "unpreserved argument relating to the waiver of interest based on 'qualified error' under MCL 211.7cc(8) . . . ." *Hardenbergh v Co of Manistee*, unpublished opinion per curiam of the Michigan Court of Appeals, issued November 24, 2015 (Docket No. 322605), slip op at 8-9. The Michigan Supreme Court denied petitioners' application for leave to appeal. *Hardenbergh v Manistee Co*, 499 Mich 969 (2016).

factual findings will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record." *Drew*, 299 Mich App at 499 (citation and quotations omitted). "Substantial evidence" is "more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Leahy v Orion Twp*, 269 Mich App 527, 529-530; 711 NW2d 438 (2006) (citation omitted). Finally, this Court reviews de novo issues of statutory construction. *Drew*, 299 Mich App at 499.

"Michigan's principal residence exemption, also known as the 'homestead exemption,' is governed by §§ 7cc and 7dd of the General Property Tax Act [GPTA], MCL 211.7cc and MCL 211.7dd." *Drew*, 299 Mich App at 500 (citation and quotations omitted). The GPTA allows a PRE in the instance that the property is owned and occupied as a principal residence. MCL 211.7cc(2). The owner of the property claims the exemption by filing an affidavit attesting that the owner of the property owns it and occupies it as the owner's principal residence. MCL 211.7cc(2). The act also authorizes the county to audit claimed exemptions. MCL 211.7cc(10). In the instance the county denies a claimed PRE, the county treasurer issues a corrected tax bill including interest. MCL 211.7cc(11).

Under certain circumstances, the Department of Treasury may waive the interest accrued in a corrected tax bill issued as a result of a rescinded PRE. MCL 211.7cc(8) provides, in relevant part:

> The department of treasury *may* waive interest on any tax set forth in a corrected or supplemental tax bill for the current tax year and the immediately preceding 3 tax years *if the assessor of the local tax collecting unit files with the department of treasury a sworn affidavit* in a form prescribed by the department of treasury *stating that the tax set forth in the corrected or supplemental tax bill is a result of the assessor's classification error or other error or the assessor's failure to rescind the exemption after the owner requested in writing that the exemption be rescinded.* [Emphasis added.]

The central dispute in this case is the meaning of "other error" in subsection MCL 211.7cc(8). No Michigan case has interpreted the meaning of this phrase and, indeed, the parties cite no such authority. This is thus an issue of first impression.

"While [this Court] recognize[s] that tax exemptions are strictly construed against the taxpayer because exemptions represent the antithesis of tax equality, we interpret statutory language according to common and approved usage, unless such construction is inconsistent with the manifest intent of the Legislature." *Denton v Dep't of Treasury*, 317 Mich App 303, 309; 894 NW2d 694 (2016) (citation and quotations omitted). When construing statutory language, the Court's goal is to discern the Legislature's intent, the best indicator of which is the language used. See, e.g. *Andrie Inc v Dep't of Treasury*, 496 Mich 161; 853 NW2d 310 (2014). Further, language should be understood in its grammatical context and "effect should be given to every phrase, clause, and word in the statute." *Sun Valley Foods Co v Ward*, 460 Mich 230, 237; 596 NW2d 119 (1999). However, "[t]ax laws generally will not be extended in scope by implication or forced construction, and when there is doubt, tax laws are to be construed against the government." *LaBelle Mgt, Inc v Dep't of Treasury*, 315 Mich App 23, 29; 888 NW2d 260 (2016).

Here, the GPTA does not define "other error." When a statute does not provide a definition, the Court may rely on the term's ordinary meaning as defined in a dictionary. *People v Crippen*, 242 Mich App 278, 283; 617 NW2d 760 (2000). An "error" is defined as "an act involving an unintentional deviation from truth or accuracy . . . [;] a mistake . . . [;] an instance of false belief . . . ." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/error. The term "error" is qualified by the word "other," which is defined as "being the one or ones distinct from that or those first mentioned or implied . . . ." Meriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/other. In essence then, the term "other error," is a catch-all phrase that includes mistakes different than those specifically mentioned in the statute.

The analysis, however, does not end here, since the term "other error" must be understood in the context in which it is used and not in isolation. "A catch-all provision is usually inserted into a statute to ensure that the language that immediately precedes it does not inadvertently omit something that was meant to be included." *Sebring v City of Berkley*, 247 Mich App 666, 674; 637 NW2d 552 (2001). Under the doctrine of *ejusdem generis*, courts will interpret a catch-all phrase "to include only those things of the same type as the preceding specific list." *Id*.

Here, the preceding type of error listed is a classification error. The other type of error listed is a failure to submit an owner's paperwork rescinding the PRE. In both instances, the assessor has a duty to perform or take action under other statutory provisions. For example, under MCL 211.34c(1), local assessors have a duty to annually classify parcels of property for tax purposes, e.g., as residential, commercial, or agricultural. Similarly, MCL 211.7cc(4) and (5) requires assessors to exempt principal residence property from collection of tax, or otherwise rescind the exemption upon receipt of PRE rescission paperwork from the owner. Considering that the types of actions listed include those for which a statutory duty exists requiring the assessor to take some action, it is clear, applying the doctrine of *ejusdem generis*, that "other errors" is limited to include all other errors that an assessor may undertake through a statutory grant of authority. Indeed to interpret "other error" as otherwise broadly encompassing all errors, as petitioners suggests, would make the listed errors of MCL 211.7cc(8) mere surplusage and allow waiver of interest in those instances where an assessor acted ultra vires. Given that the Legislature coupled "other errors" with specific enumerated errors for which a statutory duty exists, thereby limiting the types of errors to those for which a statutory duty exists, petitioners' broad interpretation is contrary to the legislative intent of the statute.

While petitioners' reliance on the assessor's advice was unfortunate, to misadvise regarding a property owner's eligibility for the PRE is not the type of error that qualifies as an "other error" under MCL 211.7cc(8). Nowhere do petitioners assert that an assessor has a statutory duty to advise taxpayers regarding their eligibility for a tax exemption or to otherwise claim the exemption for a taxpayer. In fact, it is expressly the taxpayer's duty to claim the exemption, MCL 211.7cc(2), which petitioners did. And, while petitioners' attempt to categorize the error as a "classification" error, this argument shows that petitioners fundamentally misunderstand that it is a taxpayer's duty to claim and prove entitlement to an exemption, whereas it is an assessor's duty to categorize property into certain classifications for tax purposes, not to include exemptions. See MCL 211.34c. Stated differently, petitioners fail to

recognize that "classification" has a particular legal meaning under the GPTA that does not include categorizing property as exempt.

Finally, MCL 211.7cc(8) provides that respondent *may* waive interest upon a proper showing as set forth in that subsection. Use of the word "may" indicates that an action is permissive, not mandatory. See, e.g., *Veltman v Detroit Edison Co*, 261 Mich App 685, 713; 683 NW2d 707 (2004). Even if, however, petitioners had established that the tax set forth in the corrected tax bill was a result of the assessor's "other error," respondent was still not required to waive the interest. In sum, the Tribunal did not commit an error of law by concluding that the error in the instant case did not qualify as an "other error" under MCL 211.7cc(8) and petitioner did not demonstrate entitlement to the relief requested.

Petitioners next contend that the Tribunal erred in finding that it lacked authority to rule whether respondent correctly applied the statute because it "lacks equitable jurisdiction." Because petitioners, however, are not entitled to reversal, the question of relief and whether the Tribunal has the authority to order an equitable remedy is no longer relevant. We thus decline to address this issue.

Affirmed.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Deborah A. Servitto