*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALEXANDER O. LEBEDOVYCH,

      Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

      Respondent-Appellee.

UNPUBLISHED
June 27, 2024

No. 365410
Tax Tribunal
Small Claims Division
LC No. 22-000782-TT

Before: CAMERON, P.J., and N. P. HOOD and YOUNG, JJ.

PER CURIAM.

Petitioner, Alexander O. Lebedovych, appeals by right the final judgment of the Michigan Tax Tribunal (MTT) upholding respondent's denial of his request for a principal residence exemption (PRE) relative to his property located in Mason, Michigan for tax years 2018 through 2021. On appeal, petitioner argues that the MTT erred by failing to give proper weight to the evidence supporting his PRE claim. Because the MTT's final judgment was supported by competent, material, and substantial evidence, we affirm.

## I. BACKGROUND

This property tax dispute concerns petitioner's ownership and occupancy of a parcel of real property located in Mason, Michigan (the Barnes Street property). Respondent denied petitioner's request for a PRE relative to the Barnes Street property for tax years 2018 through 2021, citing petitioner's failure to provide "a completed questionnaire or other requested information."

Petitioner appealed before the MTT small claims division. In his PRE petition, petitioner explained that he resided in the home on the Barnes Street property between 1976 and 1988. He leased the Barnes Street property to others between 1988 and 2018. In 2018, petitioner moved back into the home on the Barnes Street property, where he resided with other members of his extended family—Oleskiy and Olena Kravchenko.

Respondent answered the petition, citing a lack of documentary evidence establishing petitioner's occupancy of the Barnes Street property as his principal residence during the tax years

-1-

at issue. Respondent argued that petitioner's true principal residence was located in Eaton Rapids, Michigan (the Columbia Highway property). In support of its position, respondent presented the results of three LexisNexis database searches[1] providing that petitioner's driver's license, vehicle registration, and voter registration listed the Columbia Highway property as petitioner's principal residence. Respondent also presented petitioner's income tax returns for tax years 2018, 2019, and 2021.[2] Respondent further presented the Kravchenkos' income tax returns, as well as the results of two LexisNexis database searches, each of which listed the Barnes Street property as the Kravchenkos' home address.

In reply, petitioner submitted evidence in support of his PRE petition consisting of his own affidavit and the affidavits of Dumitru Ou and Olena Kravchenko. Ou attested that, since May 2018, his primary residence had been the Columbia Highway property. Likewise, Kravchenko attested that since the fall of 2018, he and his family had lived with petitioner in the home on the Barnes Street property. Kravchenko stated that utilities for the Barnes Street property were in his name. He explained that he used utility bills as proof of residency to enroll his children in Mason public schools.

In his own affidavit, petitioner reiterated that in 2018 he moved from the home on the Columbia Highway property to the home on the Barnes Street property, where he resided with the Kravchenkos. He explained that he intended to sell the Barnes Street property and believed that he could "avoid capital gains [tax]" by using the property as his principal residence for a number of years preceding the sale. Petitioner stated that he relied on the advice of a tax assessor for Eaton Rapids Township, who told him that he could claim a "100% PRE" relative to the Barnes Street property and a "60% P[RE]" relative to the Columbia Highway property. Petitioner acknowledged that he did not change the address reflected on his voter registration and driver's license when he moved to the Barnes Street property. Petitioner also attested that, between 2018 and 2021, he continued to claim what he characterized as a "60% PRE [for] [q]ualified [a]griculture" relative to the Columbia Highway property.[3]

After conducting a hearing, the MTT issued a final opinion and judgment. It held that petitioner was not entitled to a PRE relative to the Barnes Street property for tax years 2018 through 2021, reasoning that petitioner's "scant" evidence merely demonstrated his ownership rather than his occupancy of the property. It also explained that petitioner's reliance on the tax

---

[1] The LexisNexis public records database allows users to access reports consisting of compilations of information ostensibly obtained from public records. Petitioner did not challenged the accuracy or authenticity of the search results before the MTT, and he has not raised this as an issue on appeal.

[2] Respondent contended that each income tax return listed the Columbia Highway property as petitioner's home address. In fact, petitioner's income tax returns for tax years 2018 and 2021 listed the Barnes Street property as petitioner's home address.

[3] Under Michigan law, qualified agricultural property may be wholly or partially exempt from taxes levied by a local school district. See MCL 211.7ee; MCL 211.7dd.

assessor's guidance did not qualify the Barnes Street property for a PRE because the MTT "does not have powers of equity." This appeal followed.

## II. STANDARD OF REVIEW

This Court's review of a decision by the MTT is "very limited." *Drew v Cass Co*, 299 Mich App 495, 498; 830 NW2d 832 (2013), citing *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 830 NW2d 832 (2013). Unless fraud is alleged, this Court reviews an MTT decision for a "misapplication of the law or adoption of a wrong principle." *Hardenbergh v Dep't of Treasury*, 323 Mich App 515, 520; 917 NW2d 765 (2018), quoting *Liberty Hill Housing Corp v Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008). The MTT's factual findings[4] "will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record." *Drew*, 299 Mich App at 499, quoting *Mich Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 490-491; 618 NW2d 917 (2000). "Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Drew*, 299 Mich App at 499, quoting *Jones & Laughlin Steel Corp v Warren*, 193 Mich App 348, 352-353; 483 NW2d 416 (1992).

## III. LAW AND ANALYSIS

Competent, material, and substantial evidence supported the MTT's finding that petitioner did not occupy the Barnes Street property during the 2018 through 2021 tax years. Therefore, the MTT did not err when it concluded that petitioner was not entitled to a PRE under the General Property Tax Act (GPTA), MCL 211.1a *et seq*.

Under the GPTA, "[a]ll property, real and personal, within the jurisdiction of this state, not expressly exempted, shall be subject to taxation." MCL 211.1. "Because taxation is the rule and exemption from taxation the exception, the burden is on the [petitioner] to establish the right to a tax exemption." *Campbell v Dep't of Treasury*, 509 Mich 230, 238; 984 NW2d 13 (2022), citing *Detroit v Detroit Commercial College*, 322 Mich 142, 149; 33 NW2d 737 (1948). The petitioner must establish, by a preponderance of the evidence, that he or she is entitled to the requested exemption. *Spranger v Warren*, 308 Mich App 477, 480; 865 NW2d 52 (2014).

The GPTA includes the PRE, also known as the "homestead exemption," which is governed by MCL 211.7cc and MCL 211.7dd. *Estate of Schubert v Dep't of Treasury*, 322 Mich App 439, 448; 912 NW2d 569 (2017). Specifically, "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes . . . if an owner of that principal residence claims an exemption as provided in this section." MCL 211.7cc(1). "[A] person claiming a PRE on a property must establish that he or she owned and occupied the property as a principal residence for each year that the exemption is claimed." *Estate of Schubert*, 322 Mich

---

[4] A finding of fact refers to the determination of a fact at issue on the basis of the record evidence, whereas a conclusion of law refers to a legal determination drawn from factual findings. See *Black's Law Dictionary* (11th ed) (defining a finding of fact as "[a] determination by a judge, jury, or administrative agency of a fact supported by the evidence in the record . . ." and a conclusion of law as "[a]n inference on a question of law, made as a result of a factual showing . . . .").

App at 451. The GPTA defines principal residence, in relevant part, as "the [one] place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." MCL 211.7dd(c). Although the term "occupied" is not defined in MCL 211.7cc or MCL 211.7dd, this Court has explained that, in order to occupy a property, "a person must dwell either permanently or continuously at [the] property." *Estate of Schubert*, 322 Mich App at 450. A petitioner may present evidence of occupancy in the form of testimony or documentary evidence. *Id*. at 454. Documentary evidence of occupancy generally includes utility bills, driver's licenses, tax documents, or voter registration cards. *Id*. However, "[n]o single document is conclusive." *Id*., citing *Drew*, 299 Mich App at 500-501.

Here, petitioner presented a number of affidavits purporting to show that he owned and occupied the Barnes Street property as his principal residence during tax years 2018 through 2021. In his affidavit, petitioner attested that he resided in the home on the Barnes Street property during the tax years at issue. Petitioner averred that he kept his personal belongings in the home on the property and received personal mail there. He explained that he resided with the Kravchenkos and unwittingly neglected to change the address reflected on his voter registration and driver's license when he moved to the property. He further explained that Ou resided in the home on the Columbia Highway property. Petitioner's statements were corroborated by Kravchenko, who attested that he and his family members resided with petitioner during the tax years at issue, and Ou, who attested that he resided in the home on the Columbia Highway property during the tax years at issue. Petitioner's statements were also corroborated by his 2018 and 2021 income tax returns, which identified the Barnes Street property as his home address.

Respondent countered with documentary evidence, including LexisNexis database search results[5] providing that petitioner's driver's license, vehicle registration, and voter registration identified the Columbia Highway property as petitioner's principal residence. Respondent further relied upon the Kravchenkos' income tax returns and the results of two additional LexisNexis database searches, each of which listed the Barnes Street property as their home address.

The MTT weighed the evidence presented and concluded that petitioner failed to meet his burden of establishing entitlement to a PRE because he did not occupy the Barnes Street property during the tax years at issue. The MTT's finding was supported by competent, material, and substantial documentary evidence consisting of income tax returns and records reflecting the Columbia Highway property as the address identified on petitioner's driver's license, vehicle registration, and voter registration. The MTT's finding is, therefore, conclusive and should not be disturbed. See *Drew*, 299 Mich App at 499 (stating that factual findings "will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record.").

---

[5] Petitioner does not challenge the MTT's reliance on the LexisNexis database search results presented by respondent. Regardless, unlike certified copies of public records, compilations of public records produced by databases such as LexisNexis or Westlaw are not self-authenticating. See MRE 902(4). We caution respondent against the practice of relying on public record compilations rather than more reliable sources such as a taxpayer's driver's license, vehicle registration, voter registration card, or other certified public records.

In light of the MTT's conclusive finding that petitioner did not occupy the Barnes Street property during the tax years at issue, the MTT did not err when it concluded that petitioner was not entitled to a PRE under the GPTA.

Petitioner suggests that reversal is warranted, in part, because he unwittingly neglected to change the address reflected on his voter registration and driver's license, and the Eaton Rapids Township tax assessor acted erroneously on his behalf. To the extent that petitioner argues that reversal is warranted on the basis of equitable principles, the MTT "does not have powers of equity." *Electronic Data Sys Corp v Twp of Flint*, 253 Mich App 538, 548; 656 NW2d 215 (2002), citing *Federal-Mogul Corp v Dep't of Treasury*, 161 Mich App 346, 359; 411 NW2d 169 (1987). And although litigants may generally seek equitable relief to enforce MTT writs, orders, or directives, *Wells Fargo Rail Corp v Dep't of Treasury*, 344 Mich App 351, 367; 1 NW3d 373 (2022), petitioner is not seeking to enforce the MTT's final opinion and judgment here. Therefore, reversal is not warranted on the basis of equitable principles.

## IV. CONCLUSION

The MTT's final judgment was supported by competent, material, and substantial evidence. We affirm.

/s/ Thomas C. Cameron
/s/ Noah P. Hood
/s/ Adrienne N. Young