*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RANDIE LAWRENCE,

        Petitioner-Appellant,

v

CITY OF ROSEVILLE,

        Respondent-Appellee.

UNPUBLISHED
August 1, 2024

No. 367232
Tax Tribunal
Small Claims Division
LC No. 22-002998

Before: RIORDAN, P.J., and RICK and N. P. HOOD, JJ.

PER CURIAM.

Petitioner, Randie Lawrence, appeals by right the Michigan Tax Tribunal's final opinion and judgment denying her request for a poverty exemption from her 2022 property tax obligation. Petitioner failed to establish that her household income fell below the applicable poverty threshold. We therefore affirm.

## I. BACKGROUND

This tax dispute arises out of petitioner's request for a poverty exemption from her 2022 property tax obligation. Petitioner owns a parcel of real property in Roseville, Michigan (the Property). Respondent assessed the Property's 2022 assessed and taxable values at $54,800 and $30,588, respectively. Petitioner challenged the assessment before respondent's board of review, arguing that she qualified for a poverty exemption from her 2022 property tax obligation. Respondent's board of review denied petitioner's request, citing her failure to provide sufficient evidence to establish that she qualified for a poverty exemption.

Petitioner appealed the board of review's decision to the Michigan Tax Tribunal (the Tax Tribunal). She argued that respondent previously granted a poverty exemption from her 2021 property tax obligation, her financial means had not changed, and she had gathered additional evidence in support of her request for a poverty exemption. Petitioner presented as evidence a notarized letter from her mother, Trina C. Lawrence (Trina). Trina attested that she paid petitioner's bills, which typically amounted to $200 to $350 for electrical utilities, $100 to $250 for gas utilities, $150 to $250 for water utilities, $100 for phone service, $100 for insurance

premiums, and $100 for tax payments. Trina also attested that she paid "any other bills that [petitioner] may receive for that month[,]" and assisted petitioner with other expenses, such as "gas, clothing, grooming, toiletries, etc."

After a hearing, the Tax Tribunal denied petitioner's request for a poverty exemption from her 2022 property tax obligation. The Tax Tribunal considered Trina's financial assistance when calculating petitioner's income. It reasoned that petitioner failed to definitively establish her income because "financial contributions of an unspecified amount but possibly in excess of the established income limit are available to [petitioner] for the payment of bills." This appeal followed.

## II. STANDARDS OF REVIEW

This Court's review of a decision by the Tax Tribunal is "very limited." *Drew v Cass Co*, 299 Mich App 495, 498; 830 NW2d 832 (2013) (citation omitted). Unless fraud is alleged, this Court reviews a Tax Tribunal decision for a "misapplication of the law or adoption of a wrong principle." *Hardenbergh v Dep't of Treasury*, 323 Mich App 515, 520; 917 NW2d 765 (2018) (quotation marks and citation omitted). The Tax Tribunal's factual findings "will not be disturbed as long as they are supported by competent, material, and substantial evidence on the whole record." *Drew*, 299 Mich App at 499 (quotation marks and citation omitted). "Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Id.* (quotation marks and citation omitted). "To the extent that our review requires the interpretation and application of a statute, that review is de novo." *Power v Dep't of Treasury*, 301 Mich App 226, 230; 835 NW2d 622 (2013) (quotation marks and citations omitted).

## III. ANALYSIS

Petitioner argues that the Tax Tribunal erred by denying her request for a poverty exemption from her 2022 property tax obligation. We disagree.

Under the General Property Tax Act (GPTA), MCL 211.1a *et seq.*, "all property, real and personal, within the jurisdiction of this state, not expressly exempted, shall be subject to taxation." MCL 211.1. "Because taxation is the rule and exemption from taxation the exception, the burden is on the [petitioner] to establish the right to a tax exemption." *Campbell v Dep't of Treasury*, 509 Mich 230, 238; 984 NW2d 13 (2022) (citation omitted). The petitioner must establish, by a preponderance of the evidence, that they are entitled to the requested exemption. *Spranger v Warren*, 308 Mich App 477, 479; 865 NW2d 52 (2014).

Section 7u of the GPTA provides the poverty exemption.  See MCL 211.7u.  See also *Smith v Twp of Forester*, 323 Mich App 146, 150; 913 NW2d 662 (2018).  The statute states, in relevant part:[1]

> (1) The principal residence of a person who, in the judgment of the supervisor and board of review, by reason of poverty, is unable to contribute toward the public charges is eligible for exemption in whole or in part from the collection of taxes under this act.  This section does not apply to the property of a corporation.

> (2) To be eligible for exemption under this section, a person shall . . . do all of the following on an annual basis:

> * * *

> (e) Meet the federal poverty guidelines published in the prior calendar year in the Federal Register by the United States Department of Health and Human Services under its authority to revise the poverty line under 42 USC 9902, or alternative guidelines adopted by the governing body of the local assessing unit provided the alternative guidelines do not provide income eligibility requirements less than the federal guidelines.  [MCL 211.7u.]

Respondent adopted by ordinance the poverty level standards set by the federal government.  See Roseville Code § 304-3(B)(5) ("The income of all property owners . . . must not be more than that amount set by the Federal Government in its poverty level standards.").  The poverty guidelines published by the United States Department of Health and Human Services for the 2021 tax year identified an annual income of $12,880 as the poverty line for a household of one in the contiguous United States.  Federal Register, *Annual Update of the HHS Poverty Guidelines* <https://www.federalregister.gov/documents/2021/02/01/2021-01969/annual-update-of-the-hhs-poverty-guidelines> (accessed July 12, 2024).  The poverty guidelines were derived from the United States Census Bureau's official poverty thresholds that vary by family size and composition.  *Id*.  The United States Census Bureau uses multiple sources of income when computing poverty status, including "[a]ssistance from outside the household" and "[o]ther miscellaneous sources."  United States Census Bureau, *How the Census Bureau Measures Poverty* <https://www.census.gov/topics/income-poverty/poverty/guidance/poverty-measures.html> (accessed July 12, 2024).  In other words, to qualify for the poverty exemption under MCL 211.7u, a single person must have an income of 12,880 or less, including any assistance they receive from outside of the household.

Here, the Tax Tribunal did not err by denying petitioner's request for a poverty exemption.  In her application for a poverty exemption, petitioner stated that "family contribution[s]" were her

---

[1] MCL 211.7u was amended by 2023 PA 191, effective November 7, 2023.  Because petitioner applied for the 2022 poverty exemption prior to the amendment, we consider the statutory language in effect at the time of her application, recognizing that the amendment did not alter the substance of the statutory subparts at issue in this appeal.

sole source of income. She presented as evidence a notarized letter from Trina, who attested that she paid petitioner's bills, which typically totaled between $750 and $1,150 each month.[2] Trina also attested that she paid "any other bills that [petitioner] may receive for that month[,]" and assisted petitioner with other expenses, such as "gas, clothing, grooming, toiletries, etc." The Tax Tribunal held that petitioner failed to establish that her income fell below the applicable poverty threshold because she failed to present evidence of the specific amount she received in family income contributions. We agree. Although Trina attested that she paid petitioner's monthly bills, which typically totaled between $750 and $1,150, she also attested that she paid other bills and expenses without specifying the value of either one. The Tax Tribunal correctly concluded that these other bills could place petitioner's income above the poverty threshold. Because petitioner failed to establish by a preponderance of the evidence that her income fell below the federal poverty line, the Tax Tribunal did not err by denying petitioner's request for a poverty exemption.

## IV. CONCLUSION

The Tax Tribunal did not err by denying petitioner's request for a poverty exemption because petitioner failed to establish that her income fell below the federal poverty line. We affirm.

/s/ Michael J. Riordan
/s/ Michelle M. Rick
/s/ Noah P. Hood

---

[2] Petitioner argues that the Tax Tribunal erred by incorrectly stating that petitioner's water bill was calculated monthly, when it was actually calculated quarterly. To the extent that the Tax Tribunal erred in this regard, the error was not outcome-determinative. Whether petitioner's water bill was calculated monthly or quarterly, the Tax Tribunal did not reach a conclusion regarding petitioner's total income. Instead, the Tax Tribunal concluded that it could not definitely calculate petitioner's income because Trina's contributions remained unspecified. Even if petitioner's water bill was calculated quarterly, she failed to establish that her income fell below the applicable poverty threshold.

-4-